[No. 13848.    Department One. — November 27, 1891.]

## WILLIAM EATON, RESPONDENT, *v.* ANTONIO MA-LATESTA, APPELLANT.

MECHANIC'S LIEN — CONTRACT — ERECTION OF BUILDING — REMOVAL AND REPAIR OF TWO BUILDINGS — NOTICE OF LIEN — PLEADING — EVIDENCE — VARIANCE. — Where the complaint in an action to enforce a mechanic's lien alleges a contract to furnish the material and erect a certain specified building for the defendant, and the notice of lien leaves it uncertain whether the contract was to erect and furnish materials for one building or two, and the evidence shows that the real contract and the work actually performed was to raise up, move back, and repair two houses, and furnish material therefor, there is a material variance between the proof and the pleading and notice of lien, in reference to the contract, and a decision sustaining the lien is not supported by the evidence.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*William P. Veuve,* for Appellant.

*Lamar & Castle,* for Respondent.

FOOTE, C. — This action was to enforce a mechanic's lien upon certain property belonging to the defendant, by an original contractor, for work done and materials furnished and used in the construction and erection of a certain building of the defendant.

The complaint sets up that the contract upon which the lien is sought to be enforced is, that the plaintiff agreed to furnish the material and *erect* for the defend-

ant, a *certain building* upon certain land, within a reasonable time, and that the defendant agreed to pay therefor $150 upon the completion of the work. The notice of lien leaves it uncertain whether the contract was to *erect* and *furnish* materials for one building or two.

In the bill of exceptions the evidence shows, without conflict, that the real nature of the contract, and the work actually performed, was to *raise up, move back, and repair two houses,* and furnish material therefor.

. It is therefore evident that the proof made neither conforms to the nature of the contract as averred in the complaint or in the notice of lien, and that the decision is not supported by the evidence in most important repects.

For these reasons, we advise that the judgment be reversed.

BELCHER, C., and TEMPLE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed.