[No. 15403.   Department Two.—June 13, 1894.]

## FERDINAND WAGNER, RESPONDENT, *v.* MARGARET HANSEN ET AL., APPELLANTS.

MECHANIC'S LIEN—CLAIM OF LIEN—STATEMENT OF TERMS OF CONTRACT A claim of lien which states that the claimant entered into a contract with the owners of the premises, whereby he was to furnish the labor and materials for the brickwork and foundation and extra work, upon a contract for the brickwork and foundation of a building, for which he was "to receive, upon said completion of said work, the sum of one hundred and sixty-three dollars in United States gold coin for said extra work," but which does not contain any account of services rendered, and no other statement of the nature of plaintiff's demand, does not contain a true statement of the terms of the contract as required by section 1187 of the Code of Civil Procedure, and such statement invalidates the lien.

ID.—VARIANCE IN PROOF AS TO CONTRACT.—Where the complaint to foreclose the lien alleged, and the claim of lien stated, that the work was done under a contract by which the claimant was employed to do the work at an agreed price, but the evidence of the plaintiff showed that, except as to one small item, there was no agreed price for any of the work, the variance is fatal, and a nonsuit should have been granted.

ID.—SUBSTANTIAL COMPLIANCE WITH STATUTE ESSENTIAL.—In order to entitle a mechanic or materialman to a lien upon premises for labor performed thereon or materials furnished he must substantially comply with all of the requirements of the statute as to his statement of lien.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Morrison & Foerster*, for Appellants.

The variance between the complaint and claim of lien, in that the former alleges a contract for the performance of labor, while the latter alleges a contract for the performance of labor and the furnishing of materials, is a fatal variance, and the demurrer should have been sustained on that ground. (Code Civ. Proc., sec. 1187; *Frazer* v. *Barlow*, 63 Cal. 71, 72; *Malone* v. *Big Flat G. M. Co.*, 76 Cal. 578, 581.) This variance was also made a ground of defendants' motion for a nonsuit, which should have been granted. (*Eaton* v. *Malatesta*, 92 Cal. 75, 76.) The judgment is erroneous, as the evidence shows that there was no fixed sum or price agreed upon, excepting as to one small item, but that the reasonable value only was to be charged. (*Reed* v. *Norton*, 90 Cal. 590, 595; *Eaton* v. *Malatesta*, 92 Cal. 75, 76.)

*Henry H. Davis*, for Respondent.

Substantial compliance with the statute was sufficient, and mere technicalities should be disregarded. (*Hagman* v. *Williams*, 88 Cal. 146; *Fredinnick* v. *Red Cloud C. N. Co.*, 72 Cal. 78; *Harlam* v. *Stufflebeem*, 87 Cal. 508; *Griffith* v. *Happersberger*, 86 Cal. 613.)

TEMPLE, C.—This action was brought to enforce a mechanic's lien. Plaintiff had judgment, and defendant M. Hansen appeals from the judgment and from an order refusing a new trial.

In his complaint plaintiff avers that he agreed with defendants "to furnish, and did furnish, the labor at their special instance and request in completing the foundation of said premises, build the chimneys, laying wall-plates, laying out building, underpinning walls, building scaffolding, carrying brick, completing brick walls and brick foundation upon said dwelling-house, upon said lot of land, and for all which said work, labor, and materials said defendants agreed to pay said plaintiff the sum of $163."

It is again alleged that plaintiff agreed with defendants to perform the work and labor, and defendants "agreed to pay plaintiff the sum of $163 in the gold coin of the United States, but that no time was specified for the payment other than that said defendants were to pay plaintiff when said work was completed." In the notice of lien which is set out in the complaint plaintiff, to show compliance with section 1187 of the Code of Civil Procedure, states the terms, time given, and conditions of his contract as follows:

"I, Ferdinand Wagner, am the contractor for the brickwork and foundation and extra work, who, on the ninth day of April, 1889, as such contractor for the brickwork and foundation, entered into a contract with said M. Hansen and Margaret Hansen, under and by which I completed said foundation, and brickwork, and extra work, and the following is a statement of the terms, time given, and condition of said contract, to wit: 'I, Ferdinand Wagner, was to furnish the labor and materials in completing the foundation of said premises, build the chimneys, laying wall-plates, laying out building, underpinning wall, building scaffolding, carrying brick, completing brick walls and brick foundations, for which I was to receive upon said completion of said work the sum of $163 in United States gold coin for said extra work.'"

The complaint was demurred to for insufficient facts, and as being uncertain, also for ambiguity, and under each head it was specified that it could not be ascertained from the complaint whether plaintiff was to be paid $163 for work and materials or for work only, nor for what work he was to be paid. Also, that the complaint averred that he was to be paid $163 for work only, while his claim of lien stated that he was to be paid $163 for work and materials furnished.

The demurrer was overruled, and that ruling is now complained of. I think the demurrer should have been sustained. Such a notice and claim of lien does not contain a true statement of the terms of the contract, as

required by section 1187 of the Code of Civil Procedure.
There was no other statement as to the nature of plain-
tiff's demand in the claim of lien. There was no
account of services rendered.

The purpose of the record and statement must be to
inform the owner, in case of a contractor and laborers
rendering service under such contract, as to the extent
and nature of a lienor's claim, to facilitate investigation
as to its merits. Such a statement as the above would
be misleading. The lienor is required to verify the
statement. In all essential particulars it must be true.
(See on this point *Frazer* v. *Barlow*, 63 Cal. 71; *Malone*
v. *Big Flat M. Co.*, 76 Cal. 578; *Eaton* v. *Malatesta*, 92
Cal. 75.)

Respondent's only reply to this objection is that it is
a mere technicality. Plaintiff's claim to a lien is a mere
technicality. He is given a right upon condition that
he complies with the statute, and there must be a sub-
stantial compliance with all these conditions to the
right. (*Wood* v. *Wrede*, 46 Cal. 637).

On the trial plaintiff testified that, except as to one
tem, amounting to only $18, there was no agreed price
for any work done. That there was no agreement
to pay for plaintiff's labor or for labor and materials
$163 or any other specified sum. No other evidence
was given upon the subject. Defendants moved for
a nonsuit on the ground that there was a fatal variance
between the evidence and the statement in the com-
plaint and in the claim of lien, in both of which it
was stated that the work was done under a contract
by which he was employed to do specified work at a
price agreed upon.

The nonsuit should have been granted. This was
not only a variance, but it showed that the statute had
not been complied with, and that plaintiff had acquired
no lien. It is difficult to conceive of any terms of the
contract of employment more material than this. In
the case of a laborer employed by a contractor, the
owner might well venture to pay a claim where the

amount had been agreed upon as between the laborer and the contractor, without further evidence than the lienor's oath. Had the statement shown that the value of the service was left open, the owner would be compelled to agree with the contractor, and perhaps with other lienors, as to the amount, or to pay such sum only as he could undertake to show was reasonable. There was no contractor here between the lienor and the owner, but the statute has made one rule for all, and that must be determined in view of all cases likely to arise under the statute.

I think the judgment and order should be reversed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.