JONES v. SHUEY et al.

No. 15,727; April 3, 1895.

40 Pac. 17.

**Mechanic's Lien—Pleading and Proof—Variance.**—Where the claim of mechanic's lien, and the complaint in an action to foreclose the lien, alleged a contract to pay plaintiff $3.50 per day, and a contract to pay the reasonable value of his services was proved, and such value was shown to be $2.84 per day, the variance is fatal.

**Tender—Whether must be Unconditional.**—A tender, to be valid, must be unconditional.

APPEAL from Superior Court, Contra Costa County; Joseph P. Jones, Judge.

Action by L. S. Jones against J. A. Shuey and the Southern Pacific Company. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed.

W. S. Tinning for appellants; R. H. Latimer for respondent.

PER CURIAM.—This is an action to foreclose a mechanic's lien. The defendant Shuey is the lessee of the land upon which the building is situated, and his codefendant is the owner thereof. The contractor is not made a party to the action. The plaintiff is a carpenter who was hired by the contractor, and he subsequently filed his notice of lien, wherein he stated that he was "to work on the building or structure then being erected on said land, for the sum of three and fifty one-hundredths dollars per day, for each and every day said L. S. Jones worked on said building or structure." The allegations of the complaint as to the character of the contract were in line with the claim of lien, but upon the evidence offered at the trial the court in effect found the contract not to be express, but implied, as to the amount of wages to be paid; and, as we construe the finding, found that plaintiff was to be paid whatever sum his services were reasonably worth; and also further found that such services were reasonably worth the sum of $2.84 per day. It thus appears that the contract proven is not the contract alleged, neither is it the contract set out in the notice of lien, and the variance is so broad and so material as to demand a reversal of the judgment. The identical question here presented arose in the very recent case of Wagner v. Hansen, 103 Cal. 104, 37 Pac. 195, and a reversal of the judgment was the result: See, also, Reed v. Norton, 90 Cal. 599, 26 Pac. 767, and 27 Pac. 426. The court was justified in holding that no valid and legal tender had been made. A tender must be unconditional: Brown v. Gilmore, 8 Greenl. (Me.) 107, 22 Am. Dec. 223. We also think the demurrer to the complaint was properly overruled. The court found as a fact that Walton, the contractor, was the agent of both defendants, and rendered judgment against them accordingly. There is no evidence whatever in the record to support a finding to that effect. For the foregoing reasons, the judgment and order are reversed, and the cause remanded.