[S. F. No. 1002.   Department Two.—July 6, 1899.]

## DANIEL WILSON, Assignee, etc., Appellant, v. DENNIS F. NUGENT, Respondent.

MECHANICS' LIENS—RETENTION OF MONEY DUE CONTRACTOR—DETERMINATION OF RIGHTS—DEPOSIT IN COURT.—Under the statute providing for the retention of twenty-five per cent of the money to be paid by the owner of a building to a contractor for the construction or repair thereof, in order to pay off and discharge liens filed thereupon, the owner has the right to retain the money to protect the property from valid liens; but he cannot pass upon their validity except at his own peril. He may protect himself by depositing the money in court, to await its determination of the validity of the liens, and of the rights of the contractor, or of his assignee in insolvency.

ID.—VOLUNTARY PAYMENT BY OWNER—CLAIM OF ASSIGNEE IN INSOLVENCY.—Where the owner made a voluntary payment of lien claimants so as to consume the whole of the twenty-five per cent reserved payment, acting upon his own judgment of their validity in so doing, after knowledge of a claim made to the whole of the reserved payment by the assignee in insolvency of the contractor, the owner is not protected by such payment, if the liens are in fact invalid; and, in such case, the assignee in insolvency may recover from him the amount of the claim.

ID.—INVALID NOTICES OF LIEN—TERMS OF CONTRACT NOT TRULY STATED.—Notices of claims of lien by materialmen which untruly state the terms and conditions of the contract as being "that claimant was to receive the reasonable market value of

the materials so furnished," whereas in fact the materials were furnished in each case to the contractor at a fixed price, are invalid on account of the variance, and create no lien upon the premises.

ID.—HAULING SLATE FOR ROOF.—Persons who did not furnish materials to be used on the building, nor perform any labor thereon, but who were merely engaged by the contractor to haul slate to the building and deliver it to the contractor for his use upon the roof, are not within the terms of the lien law, and are not entitled to a lien upon the building for such labor.

ID.—USE OF MATERIALS—FINDINGS—SUPPORT OF JUDGMENT.—In order to sustain a judgment in favor of the validity of liens of materialmen, the findings must show that the materials furnished by the lien claimants were furnished to be used, and that they were used in the construction of the building upon which the lien is claimed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Walter H. Linforth, and Johnson, Linforth & Whitaker, for Appellant.

Peri M. Allen, and T. M. Osmont, for Respondent.

THE COURT.—Action to recover eight hundred and thirty-six dollars. Judgment for defendant. Motion for a new trial denied. This appeal is by the plaintiff from the judgment and order. On May 16, 1895, one De Gear entered into a written contract with defendant to roof St. Rose's church for three thousand three hundred and forty-four dollars. The contract was in the usual form and provided that twenty-five per cent, being the final payment, should be retained by defendant for thirty-five days after the completion of the contract. March 7, 1896, the contract was completed, and defendant made all the payments as he had agreed to do, except the twenty-five per cent (eight hundred and thirty-six dollars) which he retained under the terms of the contract for the payment of any claims that might be valid liens against said building.

On March 28, 1896, seven mechanics' liens were filed against said church, aggregating about the amount still in the hands

of defendant. On April 11, 1896, said De Gear filed a petition in insolvency; the plaintiff was in due course elected assignee of said insolvent, and on April 24, 1896, an assignment of all the estate of said De Gear was made to plaintiff. After the said plaintiff had qualified as assignee and prior to June 3, 1896, he notified defendant in writing of his election and qualification as assignee, and of his claim to the eight hundred and thirty-six dollars, and forbade its payment to anyone else other than plaintiff. On June 3, 1896, after defendant had knowledge of all these facts and of the claim of plaintiff to said money, and without any order of court, or any judgment as to the validity of any of said alleged liens, he paid them all, amounting with costs to more than the eight hundred and thirty-six dollars. It was admitted at the trial that unless the defendant was released from liability to plaintiff by reason of the payment of the said alleged liens that the eight hundred and thirty-six dollars was due and unpaid from the defendant to the plaintiff. At the time of the qualification of the plaintiff as assignee the defendant was indebted to plaintiff as such assignee and legal representative of De Gear in said sum of eight hundred and thirty-six dollars, unless there were valid and existing liens against said fund or against the property of defendant, and in order to satisfy which defendant in law had the right to use said fund. Defendant did not owe the alleged lien claimants, as he had made no contract with them. The provisions of the statute authorizing the owner to retain the twenty-five per cent in order to pay off and discharge liens was designed both for the protection of the owner and of laborers, materialmen and holders of valid liens. Subcontractors, laborers, and materialmen may look to the contractor alone, or if they have any doubt as to his solvency, they may avail themselves of the statutory provisions as to filing and recording liens. If such liens are filed, the owner has the right to retain the amount in his hands for his own protection, for the purpose of paying off and discharging such liens as may be valid and to charge the amount so paid to the contractor. The defendant knew, at the time of paying this fund to the alleged lienholders, of the claim of plaintiff. While he had the right to use the fund in accordance with law to protect his property from valid liens, he could

not himself pass upon their validity except at his own peril.
He could easily have protected himself by depositing the money
in court and let the court determine the validity of the liens
and the rights of plaintiff. (*De Camp Lumber Co. v. Tolhurst,*
99 Cal. 635.) The findings are attacked on the ground of in-
sufficiency of evidence to support them, and it becomes neces-
sary to examine the evidence as to the validity of the liens.
The statute requires that the notice of lien shall contain a state-
ment of the terms, time given, and conditions of the contract.
(Code Civ. Proc., sec. 1187.) This statement must not only be
made, but it must be true.

The notices of liens of Farnsworth & Ruggles, forty-four dol-
lars and eighty-one cents; James Young, thirty-four dollars
and seventy cents; Pacific Metal Works, two hundred and
seventy-one dollars and ninety cents; Schrader & Lutge,
twenty-three dollars and forty-five cents; Thomas Alderson,
two hundred and eighty-nine dollars and twenty-seven cents;
Dunham, Carrigan & Hayden Company, eighty-four dollars
and twenty-seven cents, each stated as a part of the terms,
time given, and conditions of the contract that claimant was to
receive the reasonable market value of the materials so fur-
nished. The uncontradicted evidence shows that the materials
were furnished in each case to De Gear at a fixed price. This
was fatal to the liens. The proof showed the notices of lien
in each case to be untrue. In *Reed v. Norton,* 90 Cal. 590, de-
cided by this court in Bank, it was held that where the notice
of lien stated that the claimant was to be paid for the labor
done and furnished at what it was reasonably worth, and the
evidence showed that claimant had an express contract, the
variance was fatal and claimant could not recover. So in
*Wagner v. Hansen,* 103 Cal. 104, the complaint alleged that the
work was to be done at an agreed price, but the evidence showed
no agreed price, and the variance was held to be fatal. It was
there said: "The purpose of the record and statement must be
to inform the owner, in case of a contractor and laborers ren-
dering service under such contract, as to the extent and nature
of a lienor's claim, to facilitate investigation as to its merits.
Such a statement as the above would be misleading. The
lienor is required to verify the statement. In all essential

particulars it must be true." In the late case of *Santa Monica etc. Co. v. Hege,* 119 Cal. 377, it was held that a different rule applies to a variance between the pleading and proof and a variance between the notice of lien and proof, and in case the proof shows that the contract set forth in the notice of lien is untrue it is fatal to the lien. It is said in the opinion: "The right to enforce a mechanic's lien depends upon a compliance with the requirements of the statute. Unless the notice of the lien which is filed with the county recorder contains the statements required by section 1187 of the Code of Civil Procedure, the claimant is not entitled to his lien. This section requires the claim of a materialman to contain a statement of his demand after deducting all just credits and offsets, and also a statement of the terms, time given, and conditions of his contract. The provision that the claim must contain these statements means that the statements thus contained must be correct and in accordance with the facts. If they are not correctly stated the right to a lien is lost."

Applying the rule as laid down in the foregoing cases, the said liens must fall. The burden was upon defendant to show that the said liens were valid and enforceable liens upon the premises. The proof showed a contract in each case that in law created no lien under the notice given. The proof did not show that Farnsworth & Ruggles had any lien. They did not perform labor upon or furnish material to be used on the building. Their services consisted of hauling slate to the building and delivering it to the contractor. This did not bring them within the terms of the statute. (*Adams v. Burbank,* 103 Cal. 651.)

Another fatal objection to the judgment in this case is that the court nowhere finds that the materials furnished by the said lien claimants were furnished to be used and that they were used in the building and construction of the said church. (*Silvester v. Coe Quartz Mine Co.,* 80 Cal. 510; *John A. Roebling Sons Co. v. Bear Valley Irr. Co.,* 99 Cal. 488.)

It is claimed by defendant that before the filing of his petition in insolvency said De Gear requested him to pay and he did agree to pay the claim of said alleged lienholders. Even if this kind of an unperformed agreement constitutes a defense,

we do not think the evidence supports the contention; De Gear says that he told defendant that there were certain claims against the building that he was unable to meet, and that he desired that they should be paid. Defendant testified that he paid them because he supposed they were correct, to avoid a lawsuit and because he considered them just. That De Gear told him all these liens had to be paid; that the reason he did not pay them at once is because he was afraid he would have to pay them twice. That by general information he satisfied himself that the liens were valid and then paid them.

We think this evidence shcws that defendant acted upon his own judgment in paying the claims, and that he believed they were valid liens against the building. He had no right, however, to set up his opinion as to the legality of the liens, after knowing that plaintiff claimed the right to contest them, without taking the chances on the correctness of that opinion. Plaintiff clearly had the right to claim that the liens were invalid, and, if their invalidity should be established, to claim the fund as the representative of the general creditors of De Gear.

The judgment and order are reversed.

Hearing in Bank denied.