[S. F. No. 2099.    Department One.—March 20, 1902.]

## W. A. BOSCOW, Appellant, v. G. W. PATTON et al., Respondents.

APPEAL—JUDGMENT AGAINST MECHANIC'S LIEN—CESSATION OF WORK— VERIFIED NOTICE—FINDING—IMMATERIAL ERROR IN DATE.—Upon appeal from a judgment for the defendant in an action to foreclose a mechanic's lien, where the findings showed that plaintiff's claim of lien was filed more than thirty days after the filing of a verified notice of the complete cessation of the work by the contractor on a specified date, leaving the work unfinished, an objection that the finding is against evidence, showing that the work ceased at an earlier date, is immaterial. Such error in date, if shown, could not vitiate the verified notice, nor prejudice the appellant.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion.

F. W. Sawyer, for Appellant.

W. E. McConnell, and R. W. Miller, for Respondents.

SMITH, C.—The suit was brought to foreclose a lien for materials furnished by the plaintiff in the construction of a

building on the land of defendant Reynolds. Judgment was entered for defendant, from which and from an order denying a new trial the plaintiff appeals.

The work was abandoned by the contractors in an unfinished condition; and from and after November 5, 1897, there was, it is found, a complete cessation from labor thereon for a period of over thirty days. Notice of the cessation of labor on that day—as required by section 1187 of the Code of Civil Procedure—was filed and recorded December 7, 1897. Plaintiff's claim of lien was filed January 7, 1898, which was one day more than "thirty days after the filing of [the] notice." The only point urged in the appellant's brief is, that the last work on the building was done on the fourth day of November, 1897, and not on the fifth, as found, and that the finding of the latter date is not justified by the evidence. The testimony of Reynolds, as cited by respondent, seems to establish the contrary. But the point, we think, is immaterial. The error of date, if any, was not of a kind to prejudice the plaintiff or other claimants of liens, and, in accordance with the general rule, must be held to be immaterial. It is true, as urged by appellant, that the law requires the notice to be verified; but this is equally true of the analogous case of pleadings, where the rule is that the date alleged is immaterial. The cases of *Santa Monica etc. Co.* v. *Hege,* 119 Cal. 377, and *Wilson* v. *Nugent,* 125 Cal. 280, cited by appellant's counsel, have no application to this case. They apply only to the claim of lien, which, as part of a proceeding to subject the property of another to a statutory lien, must, it was held, follow the requirements of the statute. In the cases cited the questions involved related to material variances, and not, as here, to mere errors of date.

We advise that the judgment and order appealed from be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.