[Civ. No. 93.   Second Appellate District.—November 20, 1905.]

## NOFZIGER BROS. LUMBER COMPANY, Appellant, v. W. H. SHAFER et al., Defendants; WEBSTER BATCHELER, Respondent.

Mechanics' Liens—Claim of Lien for Materials—Untrue Statement of Contract—Lien not Enforceable.—In an action to foreclose a lien for lumber furnished to the contractor to be used in a building, where the court found upon sufficient evidence that the claim of lien did not state correctly the terms, time given, and conditions of the contract, and that it was untrue in essential particulars, the lien cannot be enforced; and judgment was properly rendered in favor of the owner of the building.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Scarborough & Bowen, for Appellant.

Sidney J. Parsons, for Respondent.

ALLEN, J.—Action to foreclose a mechanic's lien. Judgment in favor of defendant Batcheler, from which, and an order denying a new trial, plaintiff appeals.

The complaint alleges that the lumber, on account of the furnishing of which the lien was claimed, was received by defendant Shafer, who, as tenant of defendant Batcheler, was constructing a house upon the lands of and with knowledge of and with the consent of the latter. The claim of lien set out in the complaint asserts that the lumber was sold under a contract with Shafer that he was to pay therefor the then prevailing list price; that no terms for payment were specially agreed to. The court finds that said claim of lien "did not and does not correctly state and set out the terms of the contract made between plaintiff and defendant W. H. Shafer for the lumber and materials sold and delivered, . . . nor does said claim of lien correctly state and set out the terms, time given, and conditions of said contract." The court further finds, that there was no agreement to pay the list price, or any particular price; that the contract was that

the lumber should be paid for upon completion of the house; that the house was not completed at the date of the filing of the lien; and that work had not been suspended thereon for thirty days, or at all. There was testimony offered tending to establish all of these facts so found. It was within the province of the trial court to determine these facts, and, where there is some evidence in support, they will not be disturbed. ''The notice of lien must contain a correct statement of the facts required by the statute, and, unless so stated, no claim can be enforced.'' (*Santa Monica etc. Co.* v. *Hege,* 119 Cal. 380, [51 Pac. 555] ; *Malone* v. *Big Flat etc. Co.,* 76 Cal. 578, [18 Pac. 772].) ''These facts, to be correctly stated, must embrace a statement of the terms, time given, and conditions of the contract. In all essential particulars, the statement of claims of lien must be true.'' (*Wagner* v. *Hansen,* 103 Cal. 107, [37 Pac. 195].) The court, finding that the claim of lien was untrue in essential particulars, and the evidence warranting such finding, the claim of lien could not be enforced. There being no basis for a decree in plaintiff's favor against defendant Batcheler under these findings, it is needless to discuss the other points involved.

The judgment and order are affirmed.

Gray, P. J., and Smith, J., concurred.