[No. 1713.]

THE PORTEOUS DECORATIVE COMPANY, INCORPORATED, A CORPORATION, APPELLANT, *v.* DR. GEORGE FEE, RESPONDENT.

1. MECHANICS' LIENS—STATEMENT OF LIEN—SUFFICIENCY. A mechanics' lien claim, stating that it is for "outside work on house and painting of inside blinds, $190," does not substantially comply with Comp. Laws, 3885, requiring the claimant of a mechanics' lien to file a statement setting forth the terms, time given, and conditions of the contract, and is insufficient to support a lien.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *John S. Orr*, Judge.

Action by Porteous Decorative Company, Incorporated, against Dr. George Fee. From a judgment for defendant, and from an order denying motion for a new trial, plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Mack & Shoup*, for Appellant:

I. "The right to liens given to mechanics and laborers is introduced into the statutory law of the states by positive statutes. These statutes were at first looked upon by the courts to be in derogation of the common law, and hence they were strictly construed. They have now, however, become an integral part of our law, and their justice and beneficence have become so apparent that it was not intended by the legislature that laborers' lien statements should be

strangled by technicalities, but, being remedial in their nature, they were to receive a broad and liberal construction." (*Maynard* v. *Ivey*, 21 Nev. 241, 244.) Further on in this case, the court in stating the meaning and construction to be placed upon section 3812 of Gen. Stats. Nev., which is exactly the same as the statute under which the lien in the case at bar was made, with the exception that the time in which subcontractors may file liens has been changed from thirty to fifty days, the court uses the following language: "The purpose of section 3812, Gen. Stats. Nev., is to secure to owners and others, who are about to advance money or purchase the property, notice of the amount and nature of the lien to which the property is subject, and in whose favor the lien has accrued, and if that notice is fairly given under the claimant's signature and affidavit, it is a substantial compliance with the statute, which is all the law requires."

II.   "It is not necessary to set out the items of account or specify the quantity of materials furnished. (*Lonkey* v. *Wells*, 16 Nev. 271.)   "If there are no special terms, time, or conditions given, none can be stated, and, in the absence of any such specifications, or proofs to the contrary, the law would presume that none existed, and that the materials were to be paid for on delivery." (*Lonkey* v. *Wells*, 16 Nev. 275.)   To same effect see *Jewell* v. *McKay*, 82 Cal. 144; *Hills* v. *Ohlig*, 63 Cal. 104

III.   In the case at bar the provision of the statute in reference to stating the terms, time given, and conditions of the contract does not apply, as the only terms, time, and conditions, other than those which were expressed, were such as arise by implication of law and need not be expressed.

IV.   In the case at bar the item of $190 for painting and outside work on the house would not need to be entered into and the details explained, for the reason that the whole of said work was done under a special contract price of one lump sum for all the work and materials therein included. It could add nothing by stating the details, as the price agreed upon would control and would be the extent of the lien, and it would make no difference whether the alterations were worth twice the amount or only one-half the amount.

It is reasonable to suppose that, if particulars of the work or alterations were ever to be required in a statement or lien, it would only be in cases where the various items were to be computed at the completion of the work in order to determine the amount of the claim. The case of *Spears* v. *Lawrence*, 38 Pac. 1049, is a case right in point with the case at bar as to the $190 item in the lien. In the said Washington case there was a contract to furnish for a gross sum all material and work necessary to complete the painting of the building in accordance with the contract between the contractor and owner, and the court, in declaring the notice in a claim lien sufficient which did not go into the details of the contract, used the following language: "The lien notice set out a special contract by Spears and Leonard to furnish the materials and do the necessary work to the full completion of the painting of the building in accordance with the contract between the principal contractor and said Lawrence. And, while it is true that the owner of the building would not be bound by the contract made between his contractor and a subcontractor, if it was shown to be fraudulent or improvident, yet, in the absence of such showing, it must be presumed that the contract is such as would be enforced by the courts. This being so, we think the statement of the contract in the lien notice was sufficient. There was no separate contract for the labor and for the materials, but one gross contract for everything required in the prosecution of that particular work; and, this being so, there could not well be set out a claim under said contract or separate amounts for materials and for labor."

*James T. Boyd, J. B. Jones*, and *A. N. Salisbury*, for Respondent:

I. The mechanics' lien statute requires the time and substantial facts to be set forth in the claim of lien. If the material furnished and labor performed were in pursuance of an express contract, the contract should be set out in the lien *hæc verba*, or at least the facts which show the truth of the transaction must be set forth. This is easy to do, and must be required; otherwise no recovery can be had.

II.  Appellant failed to give, in its alleged claim of lien, the true facts and history of the negotiations that led up to and concluded the transactions between it and respondent. It failed to give any material or substantial facts in said alleged lien.   The only thing set out that a finger can be put on is a schedule of prices.   It nowhere appears in its alleged lien that a single item mentioned in said schedule of prices was furnished to be used or was actually used in or upon the respondent's building.   The exact language of said alleged claim is: "Performed labor upon, and furnished material used in the repair and alteration"; and again, "the labor and material for such repairs and alteration were furnished at his special instance and request for which he agreed to pay the price as follows, to wit":   (Here follows a price schedule.) That the aforesaid labor and material have all been furnished and the work fully performed.   What material and labor? We are now upon the threshhold of a new Nevada, and the great building activities that are promised us demand that our mechanics' lien statute be so fully and clearly construed that he who runs may read that a good and valid claim of lien must contain the true facts of the negotiations leading to the furnishing of material and performing labor in each contract for same, whether expressed or implied.

By the Court, SWEENEY, J.:

An action was instituted in the District Court of the Second Judicial District in Washoe County to foreclose a lien filed by the Porteous Decorative Company against Dr. George Fee.   During the opening of plaintiff's case, which was tried before the court without a jury, plaintiff's attorney offered in evidence the lien in question, to which defendant's attorney objected upon the ground that the "lien is void and invalid, in that it does not conform to the requirements of the statutes of our state upon the ground that the claim of lien fails to state the terms, the time given, or the conditions of the contract upon which the same is based as required by the statute."   The court sustained said objection upon the ground "that the lien is defective  *  *  *  in not stating the terms of the contract which was entered into," and rendered judg-

ment against plaintiff in favor of defendant for his costs. From this judgment and order denying plaintiff's motion for new trial, plaintiff appeals.

The part of the objection sustained by the lower court being fatal to appellant's contention, it will be unnecessary to consider any other objections urged by counsel. The testimony adduced at the hearing of this action discloses that an express oral contract was entered into between appellant and respondent, and plaintiff's complaint is based on an express contract. An averment in the complaint of appellant alleges: "That on or about the 4th day of June, 1906, at the City of Reno, Washoe County, Nevada, the plaintiff and defendant entered into an agreement, whereby the plaintiff agreed to furnish the labor and material and make certain alterations and repairs upon the premises of the defendant known as 'No. 144 Sierra Street,' Lot 7, Block 5, City of Reno, Washoe County, State of Nevada, and the defendant agreed to pay the plaintiff therefor the prices as set forth in the plaintiff's statement and claim of lien, amounting to the sum of $221.93, a copy of which statement and claim of lien is hereto attached, marked 'Exhibit A,' and made part of this complaint"—and further avers that all of said work and material were furnished in accordance with the terms thereof.

Respondent denies the material allegations of the complaint, and avers that the work agreed upon in said contract was to be for no greater sum than $190, specially denies that respondent fully performed the conditions of the contract entered into between them, and in the way of a further and separate and distinct defense to said action sets forth: "That * * * plaintiff commenced the work of painting and repairing the said house and fence, but that the said work was done in a careless and negligent manner so as to be of little or no benefit to the said dwelling house and fence; that plaintiff painted portions of the said house with two coats of paint, and other portions of the house with only one coat of paint; and that the said house and fence still remain incomplete." The terms and conditions required to be set forth in the lien therefore become of vital importance.

The lien in question contains the following item: "Outside work on house and painting of inside blinds, $190," by which it is attempted to set forth in the said lien terms and the conditions or things to be done for the money agreed upon in the contract on which this lien is based and asked to be foreclosed. A statutory lien can only legally exist when it is perfected in the manner prescribed by the statute creating it, and, being a statute of a remedial nature, we believe should be liberally construed, and that a substantial compliance with the law is sufficient to create a valid lien. (*Skyrme* v. *Occidental M. & M. Co.*, 8 Nev. 221; *Hunter* v. *Truckee Lodge*, 14 Nev. 28; *Lonkey* v. *Wells*, 16 Nev. 274; *Maynard* v. *Ivey*, 21 Nev. 245, 29 Pac. 1090.)

There are, however, certain plain requirements prescribed by the statute which are legally essential to the validity of every lien and without which it cannot exist or be enforced. As is well stated by Phil. Mech. Liens, 9, a lien is "a remedy given by law which secures the preference provided for, but which does not exist, however equitable the claim may be, unless the party brings himself within the provisions of the statute, and shows a substantial compliance with all its essential requirements." As stated in the case of *Malter* v. *Falcon Mining Co.*, 18 Nev. 213, 2 Pac. 51, "whatever is made necessary to the existence of the lien must be performed, or the attempt to create it will be futile. A substantial adherence to the terms of the statute in the notice of the lien is indispensable. The omissions, if any, in the notice and claim as recorded, cannot, in essential particulars, be aided by any averments in the complaint or by extrinsic evidence." (*Bertheolet* v. *Parker*, 43 Wis. 551; *Santa Monica L. & M. Co.* v. *Hege*, 119 Cal. 379, 51 Pac. 555; *Malone* v. *Big Flat Co.*, 76 Cal. 578, 18 Pac. 772; *Reed* v. *Norton*, 90 Cal. 590, 26 Pac. 767, 27 Pac. 426; *Wagner* v. *Hansen*, 103 Cal. 104, 37 Pac. 195.)

The object of a lien, in addition to notifying the owner of what is claimed and securing the lienor's rights, is to apprise prospective purchasers, or persons who might desire to become interested in the property, of the nature of the claim against the property, and under what conditions, if they acquire the property, they must assume the same. Our statute

provides, among other things, that a lien must contain "a statement of the terms, time given, and conditions of the contract." (Section 3885, Comp. Laws.) No one can definitely say from the vague statement in the lien purporting to set forth the conditions of the contract upon which this lien is based whether or not the house was to receive one, two, or three coats of paint, or whether the "outside work on the house" called for the shingling of the roof, the construction of an additional porch, or the building or repairing of a fence or walk around the premises, and would not be sufficiently explicit to a prospective purchaser of the property, or to any one who might desire to become interested in the same, whether, if he assumed the lien, he would secure the value called for by the contract upon which the lien was based. Wherever an express contract is entered into, as was the case in the present action, the terms and conditions of such contract should be substantially set out in the lien filed sufficiently clear to inform any reasonable person of what work was intended to be performed or material furnished as originally agreed on between the parties.

The vague statement in the lien heretofore quoted, attempting to state the terms and conditions of the contract, does not substantially comply with this essential provision of the statute, and thereby renders the lien void. Nothing in this judgment shall be construed as affecting the rights of the parties, except in so far as it relates to the validity of the lien.

The judgment of the lower court is affirmed.