38 P.(2d) 1118

**MONTOYA et al. v. GURULE et al.**
**No. 3960.**

Supreme Court of New Mexico.

Dec. 11, 1934.

Crist & Pacheco, of Santa Fe, for plaintiffs in error.

M. E. Noble, of Las Vegas, for defendants in error.

WATSON, Chief Justice.

At an election to choose members of the board of trustees of the Tecolote land grant, the parties to this proceeding in error were candidates. The defendants in error contested the declared election of the plaintiffs in error and prevailed.

The single question before us is whether the contest statute is applicable to an election of this kind. If not, the district court was without jurisdiction.

By "the 1927 Election Code" it is provided that "any unsuccessful candidate for any public office may contest the election of the candidate to whom certificate of election has been issued in the manner herein provided." 1929 Comp. St. § 41-601. Upon this provision, defendants in error are compelled to rely, it being well understood that the right of contest and the jurisdiction to entertain it must be found in the statute law.

There is controversy here as to whether the offices in question are "public offices." This, in view of our other conclusions, we need not determine. We shall assume that they are.

But plaintiffs in error point out that the election law of the Tecolote grant (Id. § 29-

1103) makes no provision for the issuance of certificates of election to the successful candidate. Hence, they contend, they are not within the statutory description of those whose election may be contested.

Defendants in error say that the test expressed, if it were to be deemed the criterion, is the actual issuance of certificates of election, not a statutory requirement therefor. They claim that this record shows that certificates were in fact issued. If we were put to it to decide this question of construction, we should hesitate before adopting the view of defendants in error. It might result that the board of trustees, not being under any statutory duty to issue formal certificates of election, would have it in its power to permit or to block a contest by the mere device of issuing or refusing to issue certificates.

But defendants in error contend that this is not the criterion of the right to contest; that there are many minor elections in this state, as to some of which it is prescribed and as to others not prescribed, that the result shall be evidenced by certificates of election; that it is not a reasonable test; and that the Legislature could not have intended to base so important a distinction upon a matter so formal and inconsequential.

We are impressed that this reasoning is sound. Yet, further consulting the statute, we find that the issuance of certificates of election has quite an important place in the legislative scheme. Not only does the event give rise to the right to institute the contest according to the expression above quoted, but the lapse of twenty days after that event terminates the right. Id. § 41-603. The whole plan of limiting the time for contesting elections hinges on the certificate.

Turning now to the recount provisions of the election code, immediately following its contest provisions, the issuance of certificates of election assumes perhaps greater importance. A candidate desiring a recount is to apply to the state canvassing board or to the district judge, according as the office involved is one for which the state canvassing board or one for which the county board of canvassers "issues a certificate of election." Id. §§ 41-614, 41-618. If the recount shall change the result, the proper board "shall revoke the certificate of election already issued to any person for such office and shall issue" a new certificate. Id. §§ 41-617, 41-621.

Here the criterion is not the issuance of the certificate, but the statutory duty to issue it. Moreover, that duty must reside in one of these two boards. If in the case at bar, recount had been desired, to what authority might the parties have applied?

The election code specifically prescribes the offices for which the board of county canvassers is to issue certificates. "County officers and * * * members of the legislature elected from such [a single] county only." Id. § 41-350. It also prescribes the offices for which the state canvassing board is to issue certificates. Id. § 41-356.

This brings us to the result urged by plaintiffs in error, though for a somewhat different reason. The contest provisions of the election code are inapplicable to land grant elections, not because the particular grant

statute fails to require issuance of certificates of election, but because the Legislature, in framing the contest and recount provisions of the code, contemplated their applicability to those elections only for which the code makes provision, the general elections for state, district, and county offices.

This conclusion is fortified, and we think made necessary, by another provision of the election code.

"The provisions of this act shall not apply to elections for justices of the peace, constables, school directors, municipal boards of education, officers of irrigation, drainage or conservancy districts, officers of acequias or community ditches, city, town or village officers, or elections for issuance of bonds or other evidences of indebtedness by cities, towns, villages, counties, school districts, or other municipalities, unless otherwise provided herein or by the laws governing such election." Id. § 41-720.

It is true that this section does not exactly describe an election for the constitution of a grant board. But reason and analogy compel us to place that election in the class of elections excepted from the scope of the act, rather than in the class included in it. Considering the character of the elections to which it is plain the statute is not applicable, it would be difficult indeed to impute an intent to make it applicable to grant elections.

The election contest being a special statutory proceeding, the right is not to be inferred from doubtful provisions. Nor is it to be overlooked that if, in the face of all doubt, we were disposed to concede the right,

out of consideration for the plight of one who has been improperly deprived of an office, we should by that very act cut him off from another right, perhaps more valuable, that of statutory quo warranto. Cf., State ex rel. Abercrombie v. District Court, 37 N. M. 407, 24 P.(2d) 265.

Persuaded that there was no jurisdiction to entertain the proceeding, we must reverse the judgment and remand the cause. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.