230 P.2d 238

STATE ex rel. DENTON et al. v. VINYARD, Mayor of City of Clovis et al.
(two cases).

Nos. 5362, 5363.

Supreme Court of New Mexico.

April 11, 1951.

Dee C. Blythe, Clovis, for plaintiffs-appellants.

Gore, Babbitt & Nieves, Clovis, for appellees.

COMPTON, Justice.

The questions presented stem from a local option election, held in the City of Clovis. on the question whether alcoholic liquor may be sold therein. There were 2,788 votes against and 2,713 for the proposition.

The canvassing board, appellees here, certified that a majority of the ballots cast were against the sale of alcoholic liquor within the municipality.

Petitioning for a recount, appellants allege that error or fraud has been committed by the election officials in counting, tallying and certifying, sufficient to change the results of the election. The trial court, of its own motion, dismissed the petition for want of jurisdiction; thereupon, appellants filed notice of contest alleging fraud in the conduct of the election sufficient to change the result. Upon motion, the notice of contest was similarly dismissed. The cases are consolidated for purpose of submission and consideration.

Appellants contend (a) that the general statutes authorizing recount of ballots and election contest apply to local option elections; (b) that the actions should have been treated by the court either as proceedings in mandamus or for declaratory judgment; and (c) that the court should have exercised general equity jurisdiction.

The local option statute, 61–301, 1941 Comp., provides that elections shall be conducted in a manner provided by law for general elections. The section reads: "Such election shall be conducted in a manner provided by law for general elections within said county or city, except as herein provided."

The sections relating to recount and contest read:

"Whenever any candidate for any office for which the state canvassing board issues a certificate of election shall have reason to believe that any error or fraud has been committed by the election officers of any precinct or election district in counting or tallying the ballots or certifying the result of any election whereby the result of the election in such precinct or election district has not been correctly determined, declared or certified, such candidate may within six (6) days after completion of the canvass by the state canvassing board have a recount of the ballots cast in such precinct or election district." Sec. 56–614, 1941 Comp.

"Any unsuccessful candidate for any public office may contest the election of the candidate to whom certificate of election has been issued in the manner herein provided. In case of such contest the person holding the certificate of election shall take possession and discharge the duties of the office until the contest shall be decided." Sec. 56–601, 1941 Comp.

█ Identical questions have been decided. The right of recount and contest are purely statutory. In Crist v. Abbott, 22 N.M. 417, 163 P. 1085, 1087, the court in holding that it was without jurisdiction to entertain contest proceedings, said: "It follows from the foregoing analysis of the

statutes that we have no law including the subject-matter of contests for state offices, or procedure for trial of such contests in the district or any other courts of the state, and consequently the district court in the pending case is without jurisdiction to entertain any such proceeding."

In Montoya v. Gurule, 39 N.M. 42, 38 P.2d 1118, the court held that without statutory authority it was without jurisdiction to entertain recount *or* contest proceedings, saying:

"By 'the 1927 Election Code' it is provided that 'any unsuccessful candidate for any public office may contest the election of the candidate to whom certificate of election has been issued in the manner herein provided.' * * * Upon this provision, defendants in error are compelled to rely, it being well understood that the right of contest and the jurisdiction to entertain it must be found in the statute law.

\* \* \* \* \* \*

"But plaintiffs in error point out that the election law of the Tecolote grant * * * makes no provision for the issuance of certificates of election to the successful candidate. Hence, they contend, they are not within the statutory description of those whose election may be contested.

\* \* \* \* \* \*

"This brings us to the result urged by plaintiffs in error, though for a somewhat different reason. *The contest provisions of the election code are inapplicable to land grant elections, not because the particular grant statute fails to require issuance of certificates of election, but because the Legislature, in framing the contest and recount provisions of the code, contemplated their applicability to those elections only for which the code makes provision, the general elections for state, district, and county offices.* (Emphasis ours.)

"This conclusion is fortified, and we think made necessary, by another provision of the election code.

" 'The provisions of this act shall not apply to elections for justices of the peace, constables, school directors, municipal boards of education, officers of irrigation, drainage or conservancy districts, officers of acequias or community ditches, city, town or village officers, or elections for issuance of bonds or other evidences of indebtedness by cities, towns, villages, counties, school districts, or other municipalities, unless otherwise provided herein or by the laws governing such election.' Id. § 41–720.

"It is true that this section does not exactly describe an election for the constitution of a grant board. But reason and analogy compel us to place that election in the class of elections excepted from the scope of the act, rather than in the class included in it. Considering the character of the elections to which it is plain the statute is not applicable, it would be difficult

indeed to impute an intent to make it applicable to grant elections."

Thus, while local option elections shall be conducted in the manner as provided by general laws, it does not follow that general laws grant the right of recount or contest. If recount and contest had been intended, especially in view of previous decisions quoted, supra, holding them inapplicable in like situations, the legislature undoubtedly would have made known its wishes by clearer language. Klutts v. Jones, 20 N.M. 230, 148 P. 494. This was not done and no such intendment can be read into the statute. Consequently, we are compelled to place the election in the class of elections excepted by statute. 56–720, 1941 Comp. See also, Orchard v. Board of Com'rs of Sierra County, 42 N.M. 172, 76 P.2d 41, an election for change of county seat.

The prayers of the petition and notice of contest, in addition to specific demands for recount and contest, contain the following: "And for such other and further relief as the court may deem meet and proper." Appellants claim that because of these words, the petition for recount and notice of contest should have been treated as an action in mandamus and for declaratory judgment. We do not appreciate the force of this argument. Plainly, the actions were nothing more than for recount and contest, nor were the questions raised

before the trial court. While we recognize that the prayer or demand for relief is no part of a cause of action and that a complaint is not subject to motion to dismiss by reason of the prayer or the lack of it, 41 Am.Jur., Pleading, §§ 83, 110, it does not follow that the pleader is under no obligation to let the trial court know the nature of the relief he desires and invoke a ruling thereon, if the question is to be reviewed on appeal. To give weight to this argument would clearly circumvent our holding in former cases. Crist v. Abbott, and Montoya v. Gurule, supra.

Appellants argue that on account of the alleged fraud the court should have assumed equitable jurisdiction, and Patterson v. People, 23 Colo.App. 479, 130 P. 618, is cited to the proposition. We have considered the case and find it not in point as the relief there sought was equitable. Moreover, the conclusion previously expressed is decisive of this question. It was not brought to the attention of the trial court, hence, not reviewable.

Aside from what has been said, it is generally held that the equity will not assume jurisdiction to protect or vindicate political rights. A treatise on the question will be found in Blackman v. Stone, D.C. Ill., 17 F.Supp. 102, 103. We quote:

"Defendants have raised a legal question which for convenience sake is stated thus:

May a court of equity grant the relief here sought? * * *

"Defendants argue that the question must be answered in the negative because (a) the rights sought to be vindicated and protected are political rather than civil rights, and (b) courts of equity, both state and Federal, have uniformly refused to take jurisdiction of suits to protect or vindicate political rights.

"A study of the authorities leaves us in no doubt as to the soundness of the defendants' second proposition, viz., that courts of equity do not assume jurisdiction of suits to protect invaded political rights."

■ Possibly, on such a controversial issue as local option, the right of recount and contest should be made available. But a different public policy is a matter for the legislature, not one for the court. Separate opinions, in duplicate, will be filed in each of said causes.

The judgments will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.

COORS, J., not participating.