284 P.2d 1026

**Arthur CHAVEZ, Plaintiff-Appellant,**

**v.**

**Dan R. SEDILLO, also known as Dan Sedillo, being one and the same person, and Emelia Sedillo, wife of said Dan Sedillo; Realty Mortgage and Investment Company, a corporation; The Western and Southern Life Insurance Company, a corporation, Defendants-Appellees.**

**No. 5917.**

Supreme Court of New Mexico.

May 3, 1955.

On Motion for Rehearing June 9, 1955.

Rehearing Denied June 19, 1955.

358

Manuel A. Sanchez, Santa Fe, for appellant.

Harry L. Bigbee, Donnan Stephenson, Santa Fe, for appellees.

McGHEE, Justice.

The lower court gave judgment for the defendants on the pleadings in this action to foreclose a mechanic's lien upon the ground a fatal variance existed between the allegations of the plaintiff's pleadings and the claim of lien upon which he relied. The plaintiff appeals.

The order granting motion for judgment on the pleadings did not specify the nature of the fatal variance, but it appears from

the briefs of counsel here that argument was made to the lower court respecting variance between the statement in the claim of lien as to the terms, time given and conditions of the contract under which the labor and materials were supplied, required to be set forth in the claim of lien under § 61–2–6, 1953 Comp., and those matters as alleged in the complaint and answer to counter-claim of defendants

Section 61–2–6, 1953 Comp., provides:

"Every original contractor, within one hundred and twenty (120) days after the completion of his contract, and every person, save the original contractor, claiming the benefit of this article must within ninety (90) days after the completion of any building, improvement, or structure, or after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record with the county clerk of the county in which such property or some part thereof is situated, a claim containing a statement of his demands, after deducting all just credits and off-sets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, *with a statement of the terms, time given and the conditions of his contract*, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of himself or of some other person." (Emphasis supplied.)

To determine whether a fatal variance does exist it is necessary to examine in some detail the claim of lien and the pleadings of the plaintiff.

Omitting portions of the lien claim regarding the designation of persons and description of the land, it reads as follows:

"That the lien claimant herein, Arthur Chavez, pursuant to agreement, furnished materials and labor in the construction of a residence on the premises hereinbefore described, during the period October 13, 1950, to January 27, 1951. A statement of the cost of the materials furnished, the cost of the labor furnished and the credits thereon for amounts paid by said Dan R. Sedillo and Emilia Sedillo, is as follows:

"Total for labor and materials furnished $18,102.60

* * * * * *

(Here follows itemized credits)

"Total Credits $16,600.00

"Balance . . . . . . . . . . . . . . $1,502.60

* * * * * *

"That said work was performed under a contract which provided that claimant was to be paid for said labor and materials upon completion of claimant's work, and that his work terminat-

ed on Jan. 27, 1951, and that said labor was performed upon said residence or building constructed by claimant on the premises hereinbefore described.

\* \* \* \* \* \*

"That on March 2, 1951, the lien claimant herein and said Dan R. Sedillo and Emilia Sedillo, his wife, agreed that the amount owing claimant for said labor and materials furnished in the construction of said residence by lien claimant was $1502.60.

"That the amount for which this lien is claimed is the sum of $1502.60 and that said sum is owing the claimant for said labor and materials after deducting all offsets and credits. \* \* \*"

In résumé, this claim asserts: (1) Materials and labor in the construction of a residence for the defendants Sedillo were furnished pursuant to *agreement*. (2) The total cost of materials and labor so furnished was $18,102.60 and the balance still owing is $1,502.60. (3) The work was performed under a *contract providing claimant was to be paid for labor and materials at completion of his work*. (4) On March 2, 1951 (a date after completion of the work), claimant and defendants Sedillo *agreed the amount owing* claimant for labor and materials furnished was $1,502.60.

The allegations of the complaint setting forth the agreement under which the work was done and the arrangement for payment read as follows:

"5. That on the 13th day of October, 1950, a building contract was entered into by plaintiff on the one part and said defendants Dan R. Sedillo and Emelia Sedillo on the other part, which said contract provided for the construction and erection of a residence and garage on said real estate hereinbefore described by plaintiff, the plaintiff to construct said residence and garage and furnish all labor and materials necessary therefor, the said defendants to pay the plaintiff all cost of said labor and materials and an additional sum of 10% of the cost of said labor and materials, but which 10% was not to exceed the sum of $1500.00. Copy of said contract is hereto attached, marked Exhibit 'A' for identification, and is incorporated by reference herein the same as though said contract were set forth in full herein.

"6. That pursuant to said contract, plaintiff did furnish materials and did work and labor on said building and garage and did fully and completely perform said contract with its terms; that plaintiff, in addition to said contract and at the special instance and request of said defendants Dan R. Sedillo and Emelia Sedillo, furnished additional materials and labor for the erection,

construction and completion of said building as requested by said defendants from time to time. That plaintiff furnished defendants a full and complete statement of the bills for said labor and materials during the progress of the work, construction and completion of said building. That all of the furnishing of said labor and materials and plaintiff's work was completed on or about January 27, 1951; that the total cost of labor and material furnished by plaintiff herein was the sum of $18,102.60; that said defendants paid on said sum the total sum of $16,600.00, leaving a balance due on March 2, 1951, in the sum of $1502.60; that on the 2nd day of March, 1951, said defendants and the plaintiff agreed that the amount owing plaintiff for said labor and materials furnished in the construction of said residence and garage was $1502.60, and said sum of $1502.60 became a stated account owing by said defendants to plaintiff on account of the construction of said building. Plaintiff attaches hereto copy of statement of account dated February 7, 1951, with an indicated balance of $1502.60, which was the agreed balance due on said contract on March 2, 1951, said copy being marked Exhibit 'B' for identification, and which is incorporated by reference herein as though set forth in full herein."

The written contract set forth as Exhibit "A" is brief and is quoted below:

"This agreement made and entered into, in triplicate, this 13 day of October, 1950, by and between Mr. and Mrs. Dan R. Sedillo, parties of the first part, and Arthur Chavez, party of the second part.

"Whereas, Parties of the first part are owners of the residence and garage to be built at East Coronado Road in Santa Fe, New Mexico, and

"Whereas, party of the second part, a licensed Contractor, engaged in building of homes within the State of New Mexico, is to build said home and garage,

"Now, whereas, in consideration of the mutual agreement hereinafter contained, it is agreed as follows; that party of the second part agrees to build upon the hereinbefore described location a home as described by Mr. and Mrs. Dan R. Sedillo, parties of the first part, on the basis of ten per cent (10%) cost plus.

"Now, Therefore, a special agreement is hereby made whereby parties of the First part will pay the said ten per cent (10%) on a maximum cost, $15,000.00.

"Now, Therefore; in the event that the cost exceeds the sum of $15,000.00, it is also agreed that party of the sec-

ond part will continue with the construction at actual cost, nothing less and nothing more, and parties of the first part agree to pay such cost to conclusion; including labor and materials necessary.

"Now, parties of the first part and party of the second part agree to the following terms of financing the construction.

"Parties of the first Part are to furnish an allowance of $——— as agreed when this contract is signed. The balance will be furnished when requested by the party of the second part as may be needed during the progress of the work until the job is completed."

Attached to the complaint as Exhibit "B" was a financial statement of bills and payrolls, which reflected credits for sums paid by the defendants Sedillo. Among other handwritten items appearing on this statement is the following: "Bal.—1502.60."

In response to the answer and counter-claim of the defendants which admitted the execution of the contract, Exhibit "A" set out above, admitted payment of the sum of $16,600 and refusal to pay the sum of $1,502.60, and set forth various affirmative and legal defenses, in addition, charging the construction work was improperly done and that defective materials were used in violation of the contract to the damage to defendants of the sum of $7,500, the plaintiff admitted that the sum sued for in the complaint included charges made by him for wages claimed to be due for carpenter work. He denied that his total agreed compensation was to be ten percent of the cost up to $15,000. He further alleged:

"4. * * * plaintiff states that in connection with the construction of the building referred to in plaintiff's complaint, the defendants Sedillo agreed to pay plaintiff wages for work as carpenter aside from the agreed compensation of 10% of the cost up to $15,000.00 and that during all of the time that the building referred to in plaintiff's complaint was being erected, the defendants agreed and acquiesced in said payment and agreed to pay the same; that the contract, Exhibit A attached to defendants' Answer and Counter-Claim, was silent as to the payment of said wages, but that it was understood by the plaintiff and said defendants Sedillo that such payment was to be made, and at no time while the work of said construction progressed did the defendants Sedillo make objection to such charge, and the contract was and has been so interpreted by the parties thereto.

"8. * * * plaintiff * * * states that additional work on the building referred to in plaintiff's complaint was done by plaintiff by reason of requested changes in plans and specifications for said building by the defendants Sedillo

and of additions to said building other than those called for in the plans and specifications; that said contract was silent as to payment to plaintiff in addition to the 10% of the maximum cost of $15,000.00 for such carpenter work as he did upon the construction of said building on an hourly wage basis; but that it was agreed by plaintiff and defendants Sedillo that plaintiff was to be paid for such carpenter work, and that during the construction of said building such charge was made and the defendant Sedillo in part paid for the same and agreed to pay for such work as had not been paid, and the work of construction of said building so proceeded until the time plaintiff completed his contract and the defendants Sedillo and plaintiff arrived at the stated account referred to in plaintiff's complaint."

Without ignoring any of the allegations made in the foregoing pleadings upon which counsel for each side rely to support their contentions here, a summation of the claimant's position as therein disclosed may fairly be stated to be: (1) He alleges a contract which he makes his Exhibit "A", under which he agreed to build a house and garage as described by the defendants Sedillo on the basis of ten percent cost plus, it being agreed if the cost exceeded $15,000 he would continue the construction at actual cost. (2) He asserts the actual agreement under which the work was done was as interpreted by the parties, or controlled by verbal modifications as the work progressed. (3) He alleges the parties arrived at an agreed account stated for the balance owing after the conclusion of the work.

Assuming, without deciding, the sufficiency of the claim of lien, and further assuming that the plaintiff, under some state of facts, might have pleaded an agreement not at variance with his claim of lien, he has not done so. Except for the consistent assertion there was an account stated, and the amount thereof, we can see no substantial similarity between the terms, time given and conditions of the contract as set out in the claim of lien and as asserted in the pleadings. Who, looking at the claim of lien, could foresee the substance of the allegations of the complaint and answer to the counterclaim?

We said in Weggs v. Kreugel, 1922, 28 N.M. 24, 205 P. 730, 731:

"The primary object of filing the claim is to give notice to subsequent purchasers and incumbrancers and *inform the owner of the extent and nature of the lienor's claim. * * *"* (Emphasis supplied.)

In that case it was held that a slight variance between the statement of the lien as to the time of payments and the proof made at the trial on that matter was so unimportant it did not vitiate the lien.

It is argued to us that the variances noted are likewise unsubstantial. We do not so view them, but are instead of the opinion there is little qualitative difference between them and the variance denounced in Campbell v. Hollywood Race Ass'n, 1950, 54 N.M. 260, 221 P.2d 558, summarized in syllabus five thereof:

"In action to recover for erection of a building, where complaint alleged an express contract, and there was nothing in exhibits attached to complaint about cost plus work, action of trial court in allowing foreclosure of lien based upon money due on quantum meruit was reversible error."

As recently as in the case of Tabet v. Davenport, 1953, 57 N.M. 540, 260 P.2d 722, we declared we would follow the California decisions in the construction of our lien statute. The following California cases relied upon by the defendants support the determination here made, though the variances there involved were not factually identical and arose between the claim of lien and the proof: California Portland Cement Co. v. Wentworth Hotel Co., 16 Cal.App. 692, 118 P. 103, rehearing denied, 1911, 16 Cal.App. 692, at pages 715, 716, 118 P. 113; Nofziger Bros. Lumber Co. v. Shafer, 1905, 2 Cal.App. 219, 83 P. 284; Wilson v. Nugent, 1899, 125 Cal. 280, 57 P. 1008. See also, Porteous Decorative Co. v. Fee, 1907, 29 Nev. 375, 91 P. 135.

"We are committed to the doctrine that the mechanics' lien law, though in derogation of the common law, is remedial in its nature, and is to have a liberal construction." Dysart v. Youngblood, 1940, 44 N.M. 351, at page 354, 102 P.2d 664, 666, and authorities therein cited. However, the reason which underlies the cases cited in the foregoing paragraph is that the claim of lien must not only contain a statement of the terms, time given and conditions of the contract, but such statement must be *true*. To put the parties to proof in this case would result in inexcusable trouble and expense, for under pleadings upon which the plaintiff has elected to stand, he would have to prove matters at variance with the claim of lien he is seeking to foreclose. The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN and SADLER, JJ., concur.

KIKER, J., not participating.

On Motion for Rehearing.

For the first time, on this motion for rehearing, it is argued to the Court that judgment dismissing plaintiff's (appellant's) complaint is erroneous in that the complaint states a cause of action on account stated and that plaintiff is entitled thereunder to seek personal judgment against the defendants Sedillo, separate and apart from his claim to foreclose a mechanic's lien.

We are of the opinion allegation 6 of the complaint, already quoted in our earlier opinion, does sufficiently set forth a claim upon account stated and that plaintiff should be allowed to go to trial thereon.

The defendants call our attention to the following language from State ex rel Denton v. Vinyard, 1951, 55 N.M. 205, 209, 230 P.2d 238, 240:

" * * * While we recognize that the prayer or demand for relief is no part of a cause of action and that a complaint is not subject to motion to dismiss by reason of the prayer or the lack of it, 41 Am.Jur., Pleading, §§ 83, 110, it does not follow that the pleader is under no obligation to let the trial court know the nature of the relief he desires and invoke a ruling thereon, if the question is to be reviewed on appeal. * * *"

It is true that the instant complaint was obviously intended to state a cause of action for foreclosure of mechanic's lien; it was so presented to and considered by this Court. However, we notice in the record that on March 22, 1954, the plaintiff moved the lower court for further hearing upon the motion for judgment on the pleadings upon various grounds, including the following:

"3. Among other matters alleged as to the indebtedness covered by the mechanic's lien, the complaint alleges an account stated. The defendant denies that there is an account stated. Exhibit C attached to the complaint and made a part thereof shows a balance in the sum of $1502.60; this is the amount alleged to have been agreed upon by defendants, Dan R. Sedillo, also known as Dan Sedillo, and Emelia Sedillo, his wife, as owing to the plaintiff.

"4. There is nothing in the pleadings in the case which shows any fact which would overcome the allegation that there is a balance owing to plaintiff on account of materials furnished and labor done."

 The matter having thus been raised in the lower court, we are of the opinion plaintiff has brought himself within the rule that a complaint will not be dismissed on motion therefor unless it appears that under no state of facts provable under the claim could plaintiff recover or be entitled to relief and that lack of an appropriate prayer is immaterial in ruling on such motion. See: Eyring v. Board of Regents, Etc., 1955, 59 N.M. 3, 277 P.2d 550; Crawford v. Taylor, 1954, 58 N.M. 340, 270 P.2d 978; Ritter v. Albuquerque Gas & Electric Co., 1943, 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273.

All other matters raised in plaintiff's motion for rehearing relating to this court's disposition of appeal as to claim for en-

forcement of the mechanic's lien are found to be without merit. Accordingly, we reaffirm our holding the trial court was correct in denying foreclosure of the claimed lien, but the case is reversed and remanded with direction to the lower court to reinstate plaintiff's complaint and permit trial of the issues only as to the personal claim against the defendants Sedillo on account stated. It is so ordered.

COMPTON, C. J., and LUJAN and SADLER, JJ., concur.

KIKER, J., not participating.