67 P.(2d) 1007

**BOARD OF COUNTY COM'RS OF TORRANCE COUNTY et al. v. CHAVEZ.**

**No. 4288.**

Supreme Court of New Mexico.

April 29, 1937.

A. T. Hannett and Donald B. Moses, both of Albuquerque, for plaintiffs in error.

Fred H. Ayers and J. Lewis Clark, both of Estancia, and George R. Craig, of Albuquerque, for defendant in error.

· HUDSPETH, Chief Justice.

This is a proceeding brought in the district court of Torrance county to compel the County Canvassing Board, hereinafter referred to as the Board, of that county to reconvene and canvass the votes cast in precinct No. 3 in Torrance county and include them in the final election results.

The ballot box from precinct No. 3 was delivered to the county clerk twenty-five hours and five minutes after the polls closed November 3, 1936. The Board convened on the 5th of November, 1936, and proceeded to canvass the returns of the election from all the other precincts in the county and toward the end of the six day period fixed by statute within which the canvassing of election returns is to be made issued certificates of election to the several county candidates having a plurality without taking into consideration the vote in precinct No. 3. A petition was filed by Jose L. Chavez, hereinafter called petitioner, in the district court on the 16th day of November, 1936, admitting that the polling place in precinct No. 3 was less than twenty-five miles from the county seat and that the ballot box, poll books, etc., were not delivered to the county clerk within twenty-four hours after the polls closed, but alleging that the failure to comply with the law with reference to delivery of the ballot box, etc., was due to forces beyond the control of the election officials. After hearing, wherein both parties introduced evidence, the court found, on substantial evidence, that the delay in delivering the ballot boxes, etc., was due to forces beyond the control of the election officials, and ordered the County Canvassing Board to re-

convene, canvass, declare, and certify the results of the votes of precinct No. 3 "in order that they may become a part of the final election results of said County." The court further ordered that "if it shall appear, after the canvassing, declaring and certifying of the votes cast in Precinct No. 3 of Torrance County, New Mexico, that certificates of election have already been issued to persons who did not receive a plurality of the votes cast at such election in keeping with the final election results then said County Board of Canvassers shall revoke the certificates of election already issued to such persons and shall issue a certificate, or certificates of election in favor of the person or persons who shall be found to have received a plurality of the votes cast at said election as shown by the final election results."

The statute, section 41, ch. 147, Laws of 1935, is an amendment of the election code, the pertinent part of which is as follows:

" 'If the voting place is not more than twenty-five miles distant from the county seat, the ballot box, key, poll book, "Triplicate Original" registration book and unused supplies shall be delivered forthwith to the county clerk by one or more of the judges in person, but the same may be sent to the county clerk by messenger selected by the judges for that purpose, if the county seat is more than twenty-five miles distant.

" 'Where any ballot box, any poll book, "Triplicate Original" registration book, are not delivered in accordance with these instructions within twenty-four hours of the close of the polls, the vote in that precinct shall not be counted or canvassed unless a petition is presented to the district judge of the district within which such precinct is contained and a sufficient showing made that the delay was due to forces beyond the control of the election officials, and then only when said district judge shall so find and make an order that the votes cast in said precinct shall be canvassed and become part of the final election result.' Said petition may be filed in the district court by any election official or any interested party without cost." (Section 41)

All parties agree that the statute is mandatory in that the County Canvassing Board was without authority to canvass the votes in precinct No. 3 which were delivered after expiration of twenty-four hours until the district judge found that the delay was due to forces beyond the control of the election officials and ordered the canvass of the votes cast in that precinct.

█ The first assignment of error is based upon the delay in making application to the district judge until more than six days had elapsed (the time allowed under Comp.Stats.1929 § 41-347 as amended by Laws 1935, c. 147 § 44, for the county canvass) after the election and

after the Board had canvassed the returns and issued certificates of election. It is the theory of the Board that under the statute quoted above application can be made to the district judge by letter "who can institute an inquiry, without notice to anyone, as to the reason why the returns have been delayed, and summarily order the Board to include them in its canvass," but that this remedy is "applicable only for the time within which the Board of County Canvassers are to canvass the returns."

There are four counties in the Third judicial district and the judge of that district resides some 250 miles from the county seat of Torrance county. Frequently the canvass of county election returns is made within a day, as it was in this case, although the certificates were not issued until later. It is evident that if the construction contended for by the Board is put upon this statute it will afford no remedy at all in many instances for the reason that the canvass will be completed before the judge can act.

While there seems to have been unnecessary delay in filing the petition in this case, we cannot say that the court erred in holding that the Board met and canvassed the result before anybody in interest had an opportunity to apply to the court under this statute.

A more serious question is presented by assignments of error Nos. 2 and 3, which read as follows:

"2. The court erred in ordering the Board to cancel the certificates of election theretofore issued by them for the reason that no power is granted to the court to make such order by Section 41-343, New Mexico Statutes Annotated, Compilation of 1929, Amended by Section 41, Chapter 147, Laws of 1935, and for the further reason that said certificates had been delivered to the persons shown to have been elected by the legal returns and said persons were necessary parties to an action to cancel certificates in their possession.

"3. That the court did not obtain jurisdiction of the persons and subject matter involved in this proceeding as a proceeding in mandamus under the provisions of Section 41-352, New Mexico Statutes Annotated, Compilation of 1929, for the reason that the court did not issue an alternative writ of mandamus."

The Board cites Montoya v. Gurule, 39 N.M. 42, 38 P.(2d) 1118, in support of its contention that this proceeding being special, the right to order the cancellation of election certificates is not to be inferred. The final order was entered December 3, 1936; the term of all the offices for which certificates were issued began January 1, 1937, so there was a period of approximately four weeks remaining within which the Board could complete its work. It is true that the statute quoted above does not specifically authorize the canceling of certificates of election, but the statute does authorize the court to

"make an order that the votes cast in said precinct shall be canvassed and become part of the final election result." In order to effect that purpose the certificates of election must be issued to the parties who receive a plurality of the votes cast. Under the recount provision of the county canvass statute, a ministerial proceeding, the Board is authorized to cancel certificates of election and issue new certificates. State v. Helmick, 35 N.M. 219, 294 P. 316. If the court had authority to issue the order to the Board it would seem that another proceeding should not be necessary to enforce it.

◼ The trial court treated this as a proceeding in the nature of mandamus. Petitioner suggests that a proceeding under this statute resulting in a finding by the court that the delay in delivery of the poll books, etc., was due to forces beyond control of the election officials and an order directing a canvass would have been a condition precedent to the maintenance of a proceeding under Comp.Stats. 1929 § 41-352, providing for mandamus to compel a canvass of election returns.

The purpose of this statute is to prevent fraud. And to so interpret it that the voters of an entire precinct would be denied participation in a general election, although neither they nor a majority of their election officials were at fault, would certainly not be in keeping with the legislative intent. We hold that the learned judge below did not err in making the order and that he has authority to enforce it under the general powers conferred upon district courts by the Constitution.

◼ Assignments of error Nos. 4 and 5 are without merit. The Board apparently confuses the language in the order "to canvass the vote" with the recount provision of Comp.Stats.1929 § 41-347, par. 5, as amended by Laws 1935, c. 147, § 44. The two proceedings are entirely distinct. The court's order and the statute quoted above referred to the canvass of the face of the returns as shown by the certificates of the precinct election officials. In other words, this order removes the bar raised by the failure to deliver the poll books, ballot boxes, etc., to the county clerk within twenty-four hours and directs that further proceedings be had as if they had been received in due time. It appears that the poll books were locked in a ballot box. We said in Madrid v. Sandoval, 36 N.M. 274, 13 P.(2d) 877, 880: "Section 41-321, Comp.1929, requires each box to be equipped with diverse padlocks of Yale or similar design. Section 41-343, Comp.1929, places custody of the key to one lock on each box in the county clerk and the other in the district judge folowing the original count. The result contemplated is clearly to require the presence of each of these officials to effect entry into the boxes." After the poll books are taken out of the ballot box the Board will proceed under the provisions of paragraph 1 of section 41-347 as amended in 1935 and following paragraph, and if the returns are so defective that they cannot be corrected without a recount

of the ballots, proceedings should be had in conformity with the provisions of paragraph 5, section 41-347, as amended in 1935, which provides that " * * * the ballot box shall be opened in the presence of the district judge or some person designated by him to act for him, of the election officers so summoned, and of the county canvassing board, and such other persons as desire to be present; and the election officers shall then and there recount the ballots and make a new certificate in duplicate to conform to the facts."

Finding no error in the record, the order of the district court will be affirmed, and it is so ordered.

SADLER, BICKLEY, and ZINN, JJ., concur.

BRICE, J., did not participate.