[No. 355.   January 21, 1889.]

# FRANCISCO X. VIGIL, APPELLEE, v. GEORGE H. PRADT, APPELLANT.

ELECTIONS—SERVICE OF ANSWER BY POSTING, MOTION TO STRIKE OUT—
MOTION FOR LEAVE FOR PERSONAL SERVICE ON CONTESTANT AFTER
EXPIRATION OF STATUTORY LIMIT, POWER OF COURT TO GRANT.—In
an election contest for the office of county assessor, where the answer
of the respondent was attempted to be served, under specification
4, of section 1898, Compiled Laws, by posting it on a house previ-
ously occupied by the contestant, but vacated before the posting, and
fifty miles distant from his actual place of residence, a motion to
strike out the answer, on the ground, among others, that no copy of
said answer was ever served on the contestant as required by law,
was properly sustained; and a motion, by the contestee, for leave to
serve on contestant a copy of his answer to contestant's notice of
contest, was properly denied, the twenty days allowed, under section
1235, Compiled Laws, for serving a copy of the answer to the notice
of contest, having expired, and the court no discretionary power to
extend the time.   Following Bull v. Southwick, 2 N. M. 323.

APPEAL, from a judgment in favor of contestant,
from the Second Judicial District Court, Valencia
County.   Judgment affirmed.

The facts are stated in the opinion of the court.

H. L. WARREN and J. FRANCISCO CHAVES for
appellant.

It was error to deny leave to contestee to serve a
copy of his answer upon contestant.   A statutory elec-
tion contest is analogous to and governed by rules of
practice in equity proceedings, and the court had
power, after acquiring jurisdiction of the cause, to con-
trol proceedings before it in furtherance of justice, and
in the exercise of a sound discretion.   Comp. Laws,
secs. 1239, 1240, 1242; Dale v. Irwin, 78 Ill. 175;
Whisor v. Kidder, 43 Cal. 237; In re Duffy, 4 Brew.

VOL. 5 N. M.—11

(Pa.) 531; Williams v. Fire Ins. Co., 50 Iowa, 562; Fish v. Redington, 31 Cal. 185; Fish v. Bligtel, 2 Cranch, 386; Brightley on Elec. 527; Dwarris on Stats. 175; 9 Bac. Ab., p. 234; McCrary on Elec., p. 330, Soper v. Soper.

Where the court has power to allow amendments, refusal on the ground of want of power, is error. Russell v. Conn, 20 N. Y. (6 Smith) 81, and cases cited; Packer v. French, Hill & Denio, 103.

The contestee had filed a sufficient answer to the notice of contest in the office of the clerk of the district court within the time prescribed by section 1235, Compiled Laws, New Mexico; and there is nothing in our statute, nothing in the general principles of law or equity, and nothing in Bull v. Southwick, 2 N. M. 321, et seq., which requires that the incumbent of an elective office shall be summarily ousted, and his opponent seated, for the sole reason that a copy of his answer is not served within twenty days.

NEILL B. FIELD and NEEDHAM C. COLLIER for appellee.

As to the first assignment of error, no exception was taken by the contestee to the action of the court below in refusing him leave to serve the contestant with a copy of his answer to contestee's notice of contest, and it should not be considered here. Hunnicut v. Peyton, 102 U. S. 333; Stanton v. Embrey, 93 U. S. 548; U. S. v. Breitling, 20 How. 252; Peterson v. Gresham, 25 Ark. 380; Jemison v. State, 45 Mo. 332; Miller v. Hershey, 59 Pa. St. 64; Cocker v. State, 31 Tex. 498.

The ruling of the court was in strict accordance with the statute and the rule laid down in Bull v. Southwick. Section 1235, Compiled Laws, N. M.; 2 N. M. 321, et seq.

An election contest is not an equity proceeding.

The service is as in an action at law, the testimony taken as in suits in equity, and everything else is specifically provided by statute. Secs. 1238, 1240, Comp. Laws, N. M.

LONG, C. J.—Francisco X. Vigil, a resident of the county of Valencia, and George H. Pradt, who is the appellant in this court, were opposing candidates for the office of county assessor. The board of canvassers of said county delivered to the said Pradt a certificate of election, whereupon Vigil proceeded to contest the right of Pradt to hold the office, and within the time, and in the form required, filed his notice of contest in the office of the clerk of the district court of Valencia county, and said notice was served on the contestee as required by law. The respondent, Pradt, filed his answer in the office of said clerk within twenty days after service upon him of said notice of contest, and caused a copy of such answer to be posted at a certain dwelling house in the precinct of Los Chavez, in said county. On the seventh day of February, 1887, the contestant filed in the office of said clerk a motion to strike out the said answer, among other reasons, for that no copy of said answer was ever served on the contestant in the manner and within the time prescribed by law, and with such motion the contestant also filed his own affidavit, relating to his place of residence, at the date when the said copy of answer was posted on said dwelling in Los Chavez. On the twentieth day of April, A. D. 1887, by agreement of parties, evidence was heard by the court in support of the averment of the motion as to the place of contestant's residence at the date of the posting of such copy of the answer. On the twenty-fifth day of April, 1887, the contestee filed in the court, a written motion, asking leave to serve upon the contestant a copy of the contestee's answer to the contestant's notice. On the

twenty-eighth day of April, the court overruled the contestee's motion for leave to serve a copy of answer to the notice of contest on contestant, and this action of the court is now sought to be reversed by the contestee, and is one of the grounds of error, and assigned in this court. On the fourth day of May, 1887, the court found that the answer to the notice of contest had not been served on the contestant as required by law, sustained the motion of contestant to strike out the same, and on the averments of the notice of contest found and decreed in favor of contestant, giving him thereby the possession of said office, and this action of the court is also assigned for error.

It is stipulated by the parties that the averments of the notice, if taken as true, are sufficient to require the court below to give the judgment rendered, and also stipulated that the answer in its averments was sufficient, in both form and substance, to constitute a good answer to the notice of contest. The questions to be decided here are: First, whether the leave asked to serve a copy of the answer should have been granted; second, whether the court was right in striking out the answer to the contestant's notice; and the determination of both these questions depends upon the construction given to the statutes of this territory relating to contest of elections. On the motion to strike ELECTION con-out, the evidence proved, and the court test: service evidently found, that Vigil, the contest-posting. ant, from July, 1886, was and resided at a place known and called "La Ojo de la Ternera," and about fifty miles distant from the precinct of Los Chavez, where the copy of the answer was posted. The notice of contest was filed December 7, 1886, and presumably served in twenty days; so that, both at the time of the commencement of the contest, the service of the notice thereof, and when the copy of the answer was posted, the contestant lived about fifty miles distant from the place of posting, and within

Valencia county. Compiled Laws, section 1235, of
this territory, is as follows: "The respondent shall file
his answer to the notice of contest, and serve a copy
thereof on the contestant within twenty days from and
after the service of such notice of contest on him,
exclusive of the day of such service; and any material
fact alleged in the notice of contest, not specifically
denied by the answer, within the time aforesaid, shall
be taken and considered as true." Section 1238: "A
copy of the notice of contest, answer, and reply shall
be served, respectively, in the same manner as proc-
ess is now by law required to be served in an action at
law." Section 1236: "The respondent now alleges
in his answer any new matter, material to the issue,
showing that the contestant is not legally entitled to
the office in controversy; and, if he claims that illegal
votes have been cast or counted for the contestant, he
must specify in his answer the name of each person
whose vote was so illegally cast or counted, the pre-
cinct where he voted, and the facts showing such
illegality." The great importance to the contestant of
the answer is at once perceived, upon a consideration
of the foregoing last quoted section. The answer may
allege new matter, and is in some sense an affirmative
statutory pleading, upon which the contestee may him-
self take the affirmative; and so it would become of
the utmost moment that the contestant should at an
early day understand fully the issue to be tried, that
he might prepare himself with the necessary evidence
with which to meet it.

To determine the manner in which the answer
must be served, it becomes necessary to refer to the
mode provided by law for the service of process in an
action at law. This is provided for in section 1898,
which is as follows: "Sec. 1898. All original process
from any of the courts in this territory shall be exe-
cuted by the proper officer, as follows: First, by read-

ing the original process to the defendant, and delivering a copy thereof, if required; second, by delivering a copy of the original process to the defendant; third, if the defendant be absent, by delivering a copy of the original process to some person residing at the usual place of abode of the defendant, over fifteen years of age; fourth, if no such person be found willing to accept a copy of the process as above provided for, then by posting the same in the most public part of the defendant's premises."

It is apparent that the contestee attempted to make service of his answer under the fourth specification of section 1898. Two valid reasons exist why this could not be good service. The first is that so long as the contestant resided publicly and openly in Valencia county, where he could, upon proper inquiry, be found, and his place of residence ascertained, service could not be made by posting a copy upon his premises elsewhere than where he resided. The second is that there is no evidence whatever that the place of posting was at the time of posting or afterward the defendant's premises, but, to the contrary, the proof is that the posting was at a place long before the time of the posting vacated by him. So long as the contestant was living publicly in Valencia county, he could not be legally served by posting a copy of the answer on a house once occupied by him, but vacated before the posting, and then fifty miles distant from his actual place of residence. This proposition is too plain to need argument to enforce it. The court did right in striking out the answer, unless it be held that no service of the same was necessary.

The plain language of the statute (section 1235) is: "The respondent shall file his answer to the notice PERSONAL service of contest, and serve a copy thereof after expiration of statutory on the contestant within twenty days," limit, power of court to grant. etc. There is no ambiguity about this phraseology. It requires, not the filing alone, but

both the filing and service by copy. Should the
court have permitted service, asked at a later day, the
plain words of the statute are that service shall be
made in twenty days,—not twenty days, or as soon as
can be thereafter, or at some other time, but within
twenty days. If this were an original and open ques-
tion, to be now decided by this court for the first time,
the argument maintaining the statute to be mandatory
would be considered as of great force. The pleadings
and practice are fully provided for in the statute, and
the same in all particulars specified, so that the pro-
ceeding is a special one, and complete within itself.
The remarks made by Mr. McCrary, in his work on
Elections (section 392), are applicable here: "Prompt-
ness in commencing and prosecuting the proceedings
is of the utmost importance, to the end that a decision
may be reached before the term has wholly or in great
part expired."

The whole proceeding provided clearly indicates
that the legislature intended to provide a speedy
remedy for the determination of such questions. This
purpose is especially emphasized in section 1239: "All
issues of law and of fact, in any such case of contested
election, shall be tried before the district judge at such
time and place, within the judicial district in which
the case arose, as shall be designated by his order;
and judgment rendered by him, either in vacation or
in term, as shall be most convenient, and in further-
ance of a speedy trial and determination of the case."
The notice, answer, reply, and service all show a pur-
pose to speed the determination. Court, for the
purpose of this proceeding, is always in session. This
case is, however, fully decided in Bull v. Southwick, 2
N. M. 323. In that case the respondents, deeming it
material, in the trial court asked leave to file a supple-
mental answer, which leave was refused. The opinion
of the trial judge seems to have been adopted by the

supreme court, and contains the following forcible observations (page 363): "It is also my opinion that the very object of the statute in regard to pleadings and practice in contested election cases is to afford, and at the same time compel, the observance of a speedy mode for conducting and determining such cases. Its language is plain and free from all ambiguity. There is no room for mistaking its purport and meaning, and I can not conceive of any reasonable excuse for not following its provisions by either party. These statutory provisions as to the time of filing and serving the notice of contest, answer, and reply are, in effect, statutes of limitation, taking from the judge all discretion as to extending the time. Experience has demonstrated that, without some compulsory mode as to the time of making up issues and their trial in contested election cases, subterfuges and delays might and would be successfully resorted to, so that a final determination could not be reached before the term of office would expire. This statutory proceeding between rival candidates alone is a special proceeding, complete in itself, conferring a special jurisdiction on the district court, and to which the general rules and law of the court as to the time of the pleading, and the discretion of the district judge in extending the time, do not apply." Justice PARKS, in delivering the opinion of the court, said: "Nearly a year since, in a contested election case in my own district, I was obliged to examine and construe the statute which is in question in this. I then held that the law was mandatory, and have not found any reason in the argument or examination of this case to change my opinion." Mr. Justice PARKS concludes, after speaking of certain authorities cited: "It is the duty of the court to avail itself of all such lights, but to use its own judgment in construing this statute, and not permit it to be practically repealed by a construction, not only too liberal

to be wise, but too loose to be safe." Unless the foregoing case is overruled, the court below must be sustained in this cause. Believing the construction given to the statute in Bull v. Southwick to be founded in sound principles, it is our duty to follow it. Finding no error in the record, the judgment below is affirmed.

Henderson and Reeves, JJ., concur.