[No. 3647. July 28, 1931.]

THURMAN v. GRIMES et al.

[1 Pac. (2d) 972.]

Tom W. Neal, of Lovington, and Albert Morgan, of Hobbs, for appellant.

Whelan & Reese, of Lovington, for appellees.

## OPINION OF THE COURT

SADLER, J.

The appellant sued appellees in the district court of Lea county to compel them to convey to him, under the terms of an alleged contract of purchase, certain lands in said county. The appellees appeared and demurred to the complaint. The demurrer was sustained and appellant electing to stand upon his complaint, the same was dismissed. The matter then came to this court by appeal.

While the appeal was pending undetermined, the appellant and one of the appellees, purporting to act for himself as well as for the other appellee, without the intervention of their attorneys so far as the record discloses, met and settled their controversy by written stipulation, an executed copy of which has been filed in this court. Under the terms of this stipulation, as recited therein, the appellees paid to appellant an agreed sum in compromise of all matters involved on said appeal, and appellant agreed and prayed therein a dismissal of said appeal, with prejudice.

Thereafter and before any action by this court on appellant's application to dismiss, Tom W. Neal, one of appellant's attorneys, filed in this court in said appeal his petition styled "Petition to have Attorneys' Fees Declared," in which is set forth an alleged contract between appellant on the one part and the said Tom W. Neal, Albert Morgan, and Harvey Shead on the other part, whereby

under a contingent fee arrangement the three last above-named parties were to represent appellant in the litigation out of which this appeal arose.

Petitioner Neal alleges that, subject to the provisions of said contract of employment with appellant, he and his associates, in the event of a recovery of said lands, would have become entitled each to an undivided one-sixth interest therein; that the appellees, having accepted from appellant a quitclaim deed to all claim or interest in such lands, in conformity with the spirit of the settlement between them, must be held to take same subject to the equities of petitioner and his associates under their contract of employment.

The prayer of the petition asks this court so to modify the decree of the district court in said cause as to decree petitioner and his associates each to be the owner of an undivided one-sixth interest in such lands, after the revenues therefrom (it being claimed that the lands are oil producing), have reimbursed the purchase price thereof; that a receiver be appointed by this court to receive oil and gas royalties and other income from such lands until the purchase price has been reimbursed to the appellant.

The appellees appeared to the petition by filing their answer herein; joining issue on all material allegations of the petition and setting forth by way of new matter certain defenses in bar of the relief prayed. Both appellant and appellees have filed briefs in support of their respective positions, as set forth in the petition and answer. At the time of filing their answer, appellees also filed, through counsel, their formal motion to dismiss the appeal in conformity with the aforesaid stipulation.

While appellant asserts authority to exist under § 105-2010, Comp. St. 1929, the statute providing for attorney's fees in quieting title and partition suits, to award the relief prayed for in his petition, which is denied by appellees, we find it unnecessary to determine this question, or any other question raised by the parties in their pleadings or briefs. The petition will be disposed of upon jurisdictional grounds noticed by the court.

We are confronted at the very outset with the fact that appellant is seeking the exercise of an original jurisdiction by this court. Issues have been made up by petition and answer just as in a court of first instance. Facts are asserted and denied rendering necessary the taking of testimony and the hearing of evidence. The appointment of a receiver of the lands involved and the administration .thereof by this court through such receiver are phases of the relief sought. Everything prayed for by appellant in his petition invokes an original, not an appellate jurisdiction.

This is a court of review, not a forum for the trial of causes in the first instance. The thought has been very well expressed by Mr. Justice Parker in State ex rel. Owen v. Van Stone, 17 N. M. 41, 121 P. 611, 612, where he said:

"It is to be remembered that this court is fundamentally a court of review. The mere name Supreme Court, in the light of the history of our institutions, thus establishes its character. It is expressly given plenary power of review and superintending control over all inferior courts. It is made the final arbiter of the rights of our citizens and of the state. Such powers and jurisdiction are inconsistent, to the professional mind, with the exercise of any original jurisdiction. It became necessary, therefore, when it was deemed wise to confer upon this court certain original jurisdiction, to specifically point out its scope and specifically define its limits. In no other way could the result desired be accomplished."

The scope and limits of the original jurisdiction of this court are set out in section 3 of art. 6 of the state Constitution, as follows:

"The supreme court shall have original jurisdiction in quo warranto and mandamus against all state officers, boards and commissions, and shall have a superintending control over all inferior courts; it shall also have power to issue writs of mandamus, error, prohibition, habeas corpus, certiorari, injunction and all other writs necessary or proper for the complete exercise of its jurisdiction and to hear and determine the same. Such writs may be issued by direction of the court, or by any justice thereof. Each justice shall have power to issue writs of habeas corpus upon petition by or on behalf of a person held in actual·custody, and to make such writs returnable before himself or before the supreme court, or before any of the district courts or any judge thereof."

Nowhere in the foregoing grant to the Supreme Court of original jurisdiction will be found conferred power to

entertain a bill of the kind here presented to it. It is well settled that an express grant of original jurisdiction in given cases is an implied denial of it in all others. This well-recognized rule was declared in the second reported case of the territorial Supreme Court, Territory v. Ortiz, 1 N. M. 5. The court said:

"It has been repeatedly decided in courts of the highest authority that an affirmative grant of original jurisdiction implies a nega-. tive upon its exercise in any other case. By the constitution of the United States the original jurisdiction of the supreme court of the United States is limited to cases affecting embassadors, and other public ministers and consuls, and those in which a state may be a party. Under this affirmative grant of original jurisdiction the supreme court of the United States decided that congress had no power to extend it: See Marbury v. Madison, 1 Cranch, 137 [2 L. Ed. 60]; Cohens v. State of Virginia, 6 Wheat, 264 [5 L. Ed. 257]; Osborn et al. v. Bank of the United States, 9 Wheat, 738 [6 L. Ed. 204]."

The court thus being without jurisdiction to entertain the petition, the motion to dismiss the appeal in which it was filed will be granted, one order thus sufficing to dispose of both the petition and the motion to dismiss. It is so ordered.

BICKLEY, C. J., and WATSON and HUDSPETH, JJ., concur.

PARKER, J., did not participate.