49 P.(2d) 1134

**AUGE et al. v. OWEN, Judge.**

No. 4125.

Supreme Court of New Mexico.

Oct. 1, 1935.

Marron & Rogers and W. A. Brophy, both of Albuquerque, for petitioners.

George R. Craig, of Albuquerque, for respondent.

BRICE, Justice.

This is an original proceeding instituted by application for a writ of prohibition. An alternative writ was issued and a return thereto filed, and the cause is now before us for final determination.

A statement of the facts is unnecessary, as the parties agree that the only question is one of law, to wit: Does chapter 59, New Mexico Session Laws 1933, providing for election contests "for the various municipal officers including aldermen or trustees," include contests for members of the board of education of municipal school districts? If not, then

the district court was without jurisdiction, and the alternative writ should be made permanent.

We held in Montoya et al. v. Gurule et al., 39 N. M. 42, 38 P.(2d) 1118, that the contest statutes in the 1927 election code were applicable only to general elections for state, district, and county offices. It provides specifically that it shall not apply to municipal boards of education (and other bodies named) "unless otherwise provided herein or by the laws *governing such elections*." Section 41-720, Comp. St. 1929. It is certainly not otherwise provided therein, nor is it provided for in the laws governing school board elections. Section 120-904, Comp. St. 1929.

The Legislature of 1933, by chapter 59, amended section 6 of article 6 of chapter 90 (section 90-606, Comp. St. 1929), by adding thereto an additional paragraph, the parts of which, material to this case, read as follows: "District Courts shall entertain contests for the various municipal officers including aldermen or trustees and the procedure shall be the same as that now provided by law for contests of county officers, including recount of ballots."

It is contended by applicants that "municipal officers," appearing therein, include members of boards of education of municipal school districts. But the statute amended is a part of chapter 90, Comp. St. 1929, title "Municipal Corporations" (section 90-101 et seq.), having reference exclusively to those municipal corporations known as cities, towns, and villages and not to municipal school districts. Municipal school districts are designated "municipal school districts" in the statutes of New Mexico (article 9, chapter 120, Comp. St. 1929 [section 120-901 et seq.]). Broadly speaking, they are municipal corporations, but are not so designated by the New Mexico statutes. But it is argued that because section 120-904, Comp. St. 1929, provides that elections for municipal boards of education "shall be held, conducted, returned and canvassed as in cases of election of officers in the respective incorporated cities, towns and villages, except that no registration shall be required," when chapter 59, Session Laws of 1933, was passed, it automatically applied to boards of education. But no part of the act is new, except that with reference to contests; and this portion might have been the subject of a separate act, so complete is it within itself. In such case it could not be consistently claimed that it had reference to the manner in which elections should be "held, conducted, returned and canvassed." It has no reference by adoption or otherwise to elections of members of boards of education of municipal school districts.

We conclude that the alternative writ of prohibition should be made permanent. It is so ordered.

SADLER, C. J., HUDSPETH, BICKLEY, and ZINN, JJ., concur.