236 P.2d 727

## OSTIC v. STEPHENS.
### No. 5430.

Supreme Court of New Mexico.
Aug. 14, 1951.

Rehearing Denied Nov. 6, 1951.

James L. Briscoe, Tucumcari, for appellant.

C. C. Davidson, Tucumcari, for appellee.

COMPTON, Justice.

The case involves an election contest. The principal question is whether Chapter 59, Laws of 1933, section 14-1305, 1941 Comp. providing for election contests for the various municipal officers, including aldermen and trustees, includes contest for officers of municipalities operating under the commission form of government pursuant to the provisions of Chapter 21, Laws of 1921, and acts amendatory thereto.

1941 Comp. § 14-1101 et seq. If not, the district court was without jurisdiction to entertain the contest.

The City of Tucumcari had previously adopted the commission form of government. Appellee and one, B. L. Jimenez, were opposing candidates for the office of commissioner of District 1. They complied with the provisions of the act, section 14-1110, 1941 Comp., by filing statements of their proposed candidacy supported by the affidavits of two other qualified voters of the city that they were duly qualified, etc. No other candidate having filed for the office, the official ballot included their names only. At an election held on January 8, 1951, upon the face of the returns as canvassed, Jimenez received 324 votes, appellee 498 votes and appellant 537 votes. Appellant was declared elected and a certificate of election was issued to him.

On January 17, 1951, appellee filed notice of contest which he denominates a complaint and the same was personally served upon appellant on the 18th day of January, 1951. It alleges that 537 persons wrote the name of appellant in ballots cast at the election, that they were illegal and that appellee received a plurality of the legal votes cast.

Appellant moved for a dismissal of the cause on the ground that the court was without jurisdiction to entertain contest. The motion was overruled and on the 9th day of March, thereafter, an answer was

filed by him denying certain allegations and admitting others. The sufficiency of the notice, or facts stated, was not questioned. Appellee then moved for judgment on the pleadings for reasons, among others, that appellant had failed to file an answer to the notice of contest and serve a copy thereof on contestant within twenty days from and after the service of the notice. From an order sustaining the motion, appellant appeals.

It is provided by 1941 Comp., § 14–1110, relating to elections governed by commission form of government, as follows: "Any qualified voter shall be eligible to any elective office and may have his name placed upon the official ballot by filing with the city clerk, not more than one (1) month, nor less than two (2) weeks before the date of the election, a statement of his proposed candidacy, together with an affidavit signed by two (2) other qualified voters of the city, that he is duly qualified under the law, not suffering any legal disability, temporary or permanent. If no more candidates qualify than there are places to be filled they shall be declared elected without a vote, upon the certificate of the city clerk. *If no candidate qualifies in the manner prescribed, the ballots shall be printed without any names, and it shall be lawful for any voter to write the names of any qualified electors upon the ballot.*" (Emphasis ours.)

It will be noted that the only condition under which voters are authorized to write in the names of any qualified electors upon the ballot as a candidate for any particular office is when no candidate qualifies in the manner prescribed, etc. If no more candidates qualify than there are places to be filled they are to be declared elected without a vote, upon the certificate of the city clerk. There being two candidates in this case, for the single office of city commissioner, the electorate was privileged to vote for one or the other of the two who had qualified and whose names appeared on the ballot. In mentioning the condition under which a write-in ballot might be cast, the legislature denied the employment of this method under any other condition. Inclusio unius est exclusio alterius. Thurman v. Grimes, 35 N.M. 498, 1 P.2d 972.

It is contended by appellant that the term "municipal officers," appearing in the 1927 election code, section 56–601 et seq., 1941 Comp., does not include municipal officers operating under the commission form of government, hence the court was without jurisdiction in the matter.

We held in State ex rel. Denton v. Vinyard, 55 N.M. 205, 230 P.2d 238, that the right of contest is purely statutory; citing Crist v. Abbott, 22 N.M. 417, 163 P. 1085, and Montoya v. Gurule, 39 N.M. 42, 38 P.2d 1118, and that the contest statutes of

the 1927 election code, were applicable only to general election for state, district, and county offices. It will be observed that elections for city, town, and village officers are specifically excepted from its provisions, 56–720, 1941 Comp. But the legislature of 1933, by Chapter 59, section 14–1305, 1941 Comp., amended the code by adding a separate paragraph authorizing contest for the various municipal officers. The amendment reads:

"The returns of all municipal elections shall be made to the clerk of the corporation, and shall be opened by him on the third day after election. He shall call to his assistance the mayor of the corporation, or if the mayor shall have been a candidate at such election, then any justice of the peace of the county, and shall, in his presence, make out an abstract and ascertain the candidates elected in all respects as required by law for the canvass of the returns of county elections, and shall in like manner make out a certificate as to each candidate so elected, and cause the same to be delivered to him or to be left at his place of abode.

"District courts shall entertain contests for *the various municipal officers* including aldermen or trustees and the procedure shall be the same as that now provided by law for contests of county officers, including recount of ballots; Provided, that when the election officers shall have com-

pleted their count the ballot box the ballots therein to be contained, the tally sheets and poll books shall be preserved in the office of the clerk of the municipality, as county clerks are now required to preserve the ballot boxes, ballots, tally sheets and poll books of county elections; Provided further that when the district court shall order a recount the judge thereof shall have power to determine, at such recount, whether or not any fraudulent, illegal or void ballots have been counted and, if he so determines, he shall have power to order such ballots to be thrown out and enter judgment in said recount proceedings accordingly." (Emphasis ours.)

█ The first paragraph of chapter 59 is merely a restatement of section 56, chapter 39, Laws of 1884, with nothing new added. It would thus appear that the legislature, in conferring jurisdiction on the district courts as to *the various municipal officers* by a separate section, intended to extend the right of contest to all municipal officers, irrespective of the act under which they may be operating. Cf. Auge v. Owen, 39 N.M. 470, 49 P.2d 1134.

Having so concluded, the next question poses but little difficulty. "The contestee shall file his verified answer to the notice of contest and serve a copy thereof on the contestant within twenty (20) days from and after the service of the notice of con-

test upon him, exclusive of the day of such service, and any material fact alleged in the notice of contest not specifically denied by the answer within the time aforesaid shall be taken and considered as true. The contestee may allege in his answer any new matter to the issue showing that the contestant is not legally entitled to the office in controversy, and if he claims that illegal votes have been cast or counted for the contestant, he must specify in his answer the name of each person whose vote was so illegally cast or counted, the precinct or election district where he voted, and the facts showing such illegality. The verification may be made on information and belief." Section 56–606, 1941 Comp.

 This, and related statutes, were before the court in Bull v. Southwick, 2 N. M. 321; Garcia v. Lucero, 22 N.M. 598, 166 P. 1178; Rogers v. Scott, 35 N.M. 446, 300 P. 441; and Wood v. Beals, 29 N.M. 88, 218 P. 354, 355, wherein it was held that the statute is one of limitation, requiring strict compliance.

In Wood v. Beals, supra, we said: "It has many times been decided by the Supreme Court of New Mexico that the language * * *, is mandatory, and where the contestee fails to file and serve an answer within 20 days the allegations of contestant's notice are to be taken and considered as true without proof." Citing: Vigil v. Pradt, 5 N.M. 161, 20 P.

795; Gonzales v. Gallegos, 10 N.M. 372, 62 P. 1103; Garcia v. Lucero, 22 N.M. 598, 166 P. 1178.

Other grounds are urged for a reversal but the conclusion reached disposes of all questions presented.

The judgment will be affirmed. And it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COORS, JJ., concur.