332 P.2d 1005

STATE of New Mexico, on the Complaint of Cipriano VIGIL and Orlando A. Lujan, Plaintiffs-Appellants,

v.

Filogonio RODRIGUEZ and Rudolfo Abeyta, Defendants-Appellees.

No. 6441.

Supreme Court of New Mexico.

Dec. 19, 1958.

Edwin L. Felter, Santa Fe, for appellants.

Kellahin & Fox, Santa Fe, for appellees.

LUJAN, Chief Justice.

Appellants filed a complaint in quo warranto against defendants-appellees pursuant to Section 22–15–4(a), NMSA, 1953 Compilation alleging that the latter were unlawfully usurping, holding and exercising the public offices of members of the Board of Education of Espanola Municipal School District No. 45, Rio Arriba County, New Mexico.

Appellees filed a demurrer to the complaint which was sustained by the lower court. Appellants then filed an amended complaint to which appellees likewise interposed a demurrer. Again the lower court entered an order sustaining the demurrer. It is from this order that appellants prosecute the appeal.

Appellees urge that the lower court's ruling sustaining the demurrer was correct in that quo warranto was improper and that appellants' exclusive remedy was by way of the procedures contained in the 1927 Election Code. In support of this contention appellees rely in part on the general language contained in State ex rel. Abercrombie v. District Court of Fourth Judicial District, etc., 37 N.M. 407, 24 P.2d 265, and Orchard v. Board of Commissioners of Sierra County, 42 N.M. 172, 76 P.2d 41, to the effect that the statutory remedy for contest "by any unsuccessful candidate for any public office" has superseded the remedy of quo warranto.

■ However, such language means only that quo warranto is no longer available to an unsuccessful candidate *if the contest procedure established by the Election Code applies to the public office in question.* This is made quite clear by the opinion in Montoya v. Gurule, 39 N.M. 42, 38 P.2d 1118, 1119, written approximately one year and six months after State ex rel. Abercrombie v. District Court of Fourth Judicial District, supra, by the same Justice. In the Montoya case, after quoting the provision in the Election Code relative to offices which are excluded from its scope (Section 3–10–22, NMSA, 1953 Comp.), this court stated as follows:

"The election contest being a special statutory proceeding, the right is not to be inferred from doubtful provisions. Nor is it to be overlooked that if, in the face of all doubt, we were disposed to concede the right, out of consideration for the plight of one who has been improperly deprived of an office, *we should by that very act cut him off from another right, perhaps more valuable, that of statutory quo warranto.*" (Emphasis added.)

Thus the actual holding of State ex rel. Abercrombie v. District Court of Fourth Judicial District, supra, and Orchard v. Board of Commissioners of Sierra County, supra, is simply that quo warranto is not a cumulative remedy or one in addition to any special statutory remedy for contesting elections contained in the Election Code.

The question then is whether the Election Code provides for a contest in cases involving elections for municipal boards of education. If not, the remedy of quo warranto was properly invoked by appellants.

Section 3–10–22, NMSA, 1953 Compilation, states that the provisions of the Election Code do not apply to elections for municipal boards of education unless otherwise provided in the Code or in the laws governing such elections, and Section 73–10–5, NMSA, 1953 Compilation, dealing with school board elections, does not provide that such elections shall be governed by the Election Code. Rather, it provides

that school board elections "shall be called, conducted, returned and canvassed" as in the case of municipal officers. We held in Auge v. Owen, 39 N.M. 470, 49 P.2d 1134, that this provision has nothing whatever to do with contest proceedings and hence does not prescribe a method for contesting school board elections.

It should be noted at this point that we do not view this case as one involving a canvassing problem. The canvassing board, following the election in question, did canvass the returns and did certify the results, after which appellants chose to bring this action in quo warranto to determine the right to the offices in question. Section 22-15-7, NMSA, 1953 Compilation.

Nor does our decision in Ostic v. Stephens, 55 N.M. 497, 236 P.2d 727, aid appellees. We there held that Section 14-14-5, NMSA, 1953 Compilation, dealing with municipal officer contests, allows any municipal officer to contest an election under the procedures established in the 1927 Election Code irrespective of the act under which he may be operating. But we squarely held in Auge v. Owen, supra, that members of municipal school boards are not municipal officers. Thus Section 14-14-5, supra, does not apply to contests for such elections.

We conclude that quo warranto was a proper action to bring in this case since there is no provision in the Election Code or other related statutes providing for contests for municipal school board elections.

Appellants urge that if quo warranto was proper, and we have held that it was, that judgment should be entered in their favor by this court as a matter of law. They do not question appellees right to demur to the amended complaint but contend that since considerable time has already elapsed, no answer should now be permitted.

Section 22-15-8, NMSA, 1953 Compilation, provides that if a demurrer to a complaint in quo warranto is sustained the plaintiff will be given five days to amend his complaint, and if it is overruled then the defendant will have a like time to file an answer. But this statute contains a hiatus. It makes no provisions for a case such as we have here, that is, where the amended complaint has been filed, followed by a second demurrer which is *sustained* and an appeal taken to the Supreme Court. In this case the demurrer is first being "overruled" by this Court.

Inasmuch as the New Mexico Statutes relative to procedure to be followed under the Workmen's Compensation Act and the Election Code do not contain the gap that is present in the quo warranto statute, cases cited by appellants which involve these statutes are not controlling.

In support of their contention that judgment should be entered for them as a

84

matter of law, appellants place considerable reliance on the Pennsylvania cases of Commonwealth ex rel. Attorney General v. Walter, 86 Pa. 15 and Commonwealth v. DeLeo, 34 Pa.Dist. & Co.R. 139, particularly the former. But the decision in Commonwealth ex rel. Attorney General v. Walter, supra, turned on the fact that the defendant did not demur promptly; that his was a deliberate and calculated effort to delay and protract the proceedings.

We have no such case here. The original complaint was filed on March 25, 1957, and a demurrer thereto was filed on April 23, 1957. The amended complaint was filed on October 9, 1957, and a demurrer thereto was filed on October 15, 1957.

■ Further it is a fundamental rule of law that it is ordinarily erroneous for a court on overruling a demurrer to render final judgment. 41 Am.Jur., Pleading §§ 239, 245.

■ The judgment is reversed and the cause remanded to the district court with directions to overrule the demurrer, grant defendants-appellees the statutory time within which to answer, and proceed to determine the merits of the cause.

It is so ordered.

McGHEE, COMPTON and SHILLINGLAW, JJ., concur.

SADLER, J., not participating.