480 P.2d 693

STATE of New Mexico, Plaintiff-Appellee,

v.

James Buster RILEY, a/k/a John Eugene Thille, Defendant-Appellant.

No. 581.

Court of Appeals of New Mexico.

Jan. 29, 1971.

Donald D. Hallam, Hobbs, for appellant.

James A. Maloney, Atty. Gen., C. Emery Cuddy, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

SUTIN, Judge.

This is a burglary conviction. Section 40A–16–3, N.M.S.A. 1953 (Repl. Vol. 6). Defendant appeals. The issues are: (1) sufficiency of the evidence to support the verdict; and (2) admissibility of a written statement by a principal actor in the burglary. The conviction is affirmed.

(1) *Sufficiency of the evidence.*

On the night of February 28, 1970, Bennett and Riley were seen walking toward the Wells Service, Inc. building. Bennett and Riley had been previously employed by this company and were familiar with its interior. Upon arrival, Bennett picked up a rock and broke a window. He opened the window and went inside, while Riley remained outside. The police officers were called. Bennett handed out an adding machine and check protector to Riley.

After Bennett crawled out, each man carried an item under his arm and walked about twenty or twenty-five steps from the building where he lay down in the grass. The police officers drove to this place and arrested both men, the stolen items still in their possession. At the trial, Riley strongly denied participation in, or intent to commit, burglary. This raised an issue of fact

for the jury. We find the evidence is sufficient to sustain the verdict of the jury.

■ Although Riley never entered the building, he was an aider and abettor as defined in § 41–6–34, N.M.S.A.1953 (Repl. Vol. 6), and, therefore, a principal, or he was an accessory as defined in § 40A–1–14, N.M.S.A.1953 (Repl. Vol. 6). See State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). He could, therefore, be prosecuted as a principal.

Bennett completed the crime of burglary by an unauthorized entry with the necessary intent. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967). Riley knew this fact, was present and participated. His intent, as an element of the crime, is seldom susceptible of proof by direct evidence, but it may be inferred from his acts. State v. Clark, 80 N.M. 340, 455 P.2d 844 (1969). In State v. Ochoa, 41 N.M. 589, 72 P.2d 609 (1937), the court said:

"* * * The question of whether the alleged aider and abettor did share the principal's criminal intent, and whether he knew the latter acted with criminal intent, is one of fact for the jury and may be inferred from circumstances. * * *"

The jury believed the State's witness, not Bennett and Riley. The testimony of a single witness may legally suffice as evidence to support a jury's verdict. State v. Hunter, 37 N.M. 382, 24 P.2d 251 (1933).

It should be made clear to each person convicted of a crime that the appellate court does not sit as a second jury; it sits as a court of review to determine whether error or injustice occurred during the trial. See Thurman v. Grimes et al., 35 N.M. 498, 1 P.2d 972 (1931).

(2) *Admissibility of statement of principal actor.*

■ A typewritten signed statement of Bennett was admitted in evidence at the trial without objection. Neither did Riley request the trial court to instruct on the issue. The error claimed is waived. State v. Minor, 78 N.M. 680, 437 P.2d 141 (1968); State v. Beachum, 78 N.M. 390, 432 P.2d 101 (1967), cert. denied 392 U.S. 911, 88 S. Ct. 2068, 20 L.Ed.2d 1369 (1968).

The judgment and sentence are affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.