604 P.2d 121

STATE of New Mexico ex rel. John L. HUNING, Edeal Dairy, Inc., Van Tol Farms, Huning Land Trust, Nicholas Duran de Chavez Company and Johanna C. Othart, Plaintiffs-Appellees,

v.

LOS CHAVEZ ZONING COMMISSION, composed of: J. Phillip Castillo, Jose I. Garcia, Wilma Berlier, Mitzi Smith and Calvin Botiver, and each of them, Defendants-Appellants.

No. 12408.

Supreme Court of New Mexico.

Nov. 15, 1979.

Rehearing Denied Dec. 26, 1979.

Thomas C. Esquibel, Dist. Atty., Los Lunas, for appellants.

Keleher & McLeod, John B. Tittmann, Albuquerque, for appellees.

## OPINION

FEDERICI, Justice.

Plaintiffs brought this action in quo warranto under § 44–3–1, et seq., N.M.S.A.1978, in the District Court of Valencia County, challenging the validity of the Los Chavez Zoning District, pursuant to the Special Zoning District Act, § 3–21–15, et seq., N.M.S.A.1978.

Plaintiffs contend that the formation of the Los Chavez Zoning District which occurred approximately two years prior to the filing of the action, was defective in that the number of signatures on the petition for the creation of the district was insufficient to meet the requirements of § 3–21–18, N.M.S.A.1978 (current version at § 3–21–18, N.M.S.A.1978 (Cum.Supp.1979)). This section requires the signatures of fifty-one percent of the registered electors residing within the boundaries of the proposed district.

After a trial on the merits, the district court entered judgment for the plaintiffs, decreeing that the Los Chavez Zoning District never existed as a legal entity, and ordering that the defendant Los Chavez Zoning District Commissioners cease and desist from acting in such capacity. Defendants appeal.

On appeal defendants rely on several points: (1) the plaintiffs, as private rela-

tors, were without standing to bring this action under quo warranto absent a showing, as required by statute, that the attorney general refused to bring the action, or that the office usurped pertained to a county, incorporated village, town or city, or school district; thus leaving the district court without jurisdiction; (2) the district court was without jurisdiction to hear this action because the County of Valencia, the County Clerk and the County Commission, each a necessary and indispensible party to the action, were not joined as party defendants; (3) the district court was without jurisdiction to entertain plaintiff's complaint as it was untimely filed and barred by the doctrine of laches; (4) there is not substantial evidence to support the findings and judgment of the trial court; and (5) the district court committed error in interpreting the meaning of the phrase "registered electors residing in the area" as used in § 3–21–18(B).

In reversing the trial court we need only reach the first two of defendants' points of appeal.

Under the Special Zoning District Act, the Legislature has provided a method for creating special zoning districts in areas outside the boundary limits of incorporated municipalities. The Act provides for a zoning commission to be elected by the registered electors residing in the district.

Section 3–21–20 provides:

*Election of members to the commission.*

Within sixty days after the creation of a district, the *county commissioners of* the county in which the district is situate *shall hold an election for members to the commission.* When the district is situate in more than one county, the county commissioners of the counties shall cooperate in conducting an election for members to the commission. *The election shall be conducted in the same manner as elections for municipal school board members. The cost of conducting elections for members to the commission shall be borne by the county* or counties in which the district is situate. Each county shall pay its prorata share, which is determined by the number of registered electors of the district residing within the county. (Emphasis added.)

■ Considering the language used in the Special Zoning District Act, we are of the opinion that the Office of Commissioner of the Los Chavez Zoning District Commission is a "public office" for which an action lies in quo warranto under § 44–3–4.

In *State v. Rodriguez,* 65 N.M. 80, 332 P.2d 1005 (1958), this Court considered the issue of whether a contest for municipal school board was proper under the quo warranto statute. The Court held that it was proper and stated:

We conclude that quo warranto was a proper action to bring in this case since there is no provision in the Election Code or other related statutes providing for contests for municipal school board elections.

65 N.M. at 83, 332 P.2d at 1006.

No special statutory method has been called to our attention, nor have we found any, which provides a method for attacking the validity of the office of a zoning district commissioner or the creation of a special zoning district. Further, it should be noted that under § 3–21–20 of the Special Zoning District Act, the Legislature provided that the election of members to the Commission shall be conducted in the same manner as "elections for municipal school board members."

In view of this language, the reasoning of the Court in *State v. Rodriguez* is applicable here.

■ Since quo warranto is appropriate, the following excerpt from § 44–3–4, N.M. S.A.1978 is dispositive as to who is a proper party plaintiff and when such party may institute an action in quo warranto, as a private relator.

Section 44–3–4 provides:

*[Who may bring action; private relators; when action lies.]*

An action may be brought by the attorney general or district attorney in the name of the state, upon his information

or upon the complaint of any private person, against the parties offending in the following cases:

A. when any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office or offices in a corporation created by authority of this state; or,

\* \* \* \* \* \*

The district attorneys in their respective judicial districts shall exercise the same power and right given by this section to the attorney general in cases which may be limited in their operation to the said district.

*When the attorney general or district attorney refuses to act, or when the office usurped pertains to a county, incorporated village, town or city, or school district, such action may be brought in the name of the state by a private person on his own complaint.* (Emphasis added.)

Notwithstanding the result we reach that quo warranto is an appropriate remedy, the case is remanded to the district court for the reason that plaintiffs have failed to show that an attorney general or district attorney has refused to act on their behalf. We can understand that the district attorney may be considered to refuse to act since he must represent the Special Zoning District Commission. However, there has been no showing that the attorney general of the State of New Mexico has refused to act on behalf of the private litigant plaintiffs. Since the statutory requirement for quo warranto has not been met in this respect, there is no authority in the plaintiffs to file this application in quo warranto. *State ex rel. Hannett v. District Court*, 30 N.M. 300, 233 P. 1002 (1925). *See State ex rel. White v. Clevenger*, 69 N.M. 64, 364 P.2d 128 (1961); *State ex rel. Besse v. District Court*, 31 N.M. 82, 239 P. 452 (1925).

In addition, in view of the provisions contained in the Special Zoning District Act which require the Board of County Commissioners to call an election for membership on the Commission, and to conduct the election in a manner provided for election for municipal school board members and to pay the cost of such elections, we are of the opinion that the Board of County Commissioners is an indispensible party. Since the County Commissioners were an indispensible party and were not joined, the trial court lacked jurisdiction to adjudicate the merits of plaintiffs' quo warranto action. *Perez v. Gallegos*, 87 N.M. 161, 530 P.2d 1155 (1974); *State Game Commission v. Tackett*, 71 N.M. 400, 379 P.2d 54 (1962). *See State ex rel. Anaya v. McBride*, 88 N.M. 244, 539 P.2d 1006 (1975).

For the reasons stated, the cause is remanded to the district court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concurring in result.