This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                           **No. 35,557**

**JOSHUA JACKSON**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}    Defendant has appealed from his convictions of first degree kidnapping and

third degree battery on a household member. We previously issued a notice of proposed summary disposition in which we proposed to uphold these convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3}     With regard to the kidnapping charge, in his memorandum in opposition Defendant argues that the State failed to present sufficient evidence that "*he did not voluntarily free [Victim] in a safe place*[.]" [MIO 5] We are unpersuaded. Defendant argues that he released Victim in a safe place - her home. [MIO 6] Defendant simultaneously acknowledges that "[t]he State presented evidence to the jury that [Victim] ran from her home three times, the first resulting in [Defendant] pulling her hair and dragging her by the arm back into the home and the second resulting in [Defendant] biting [Victim] and carrying her back to the home." [MIO 5] Viewing this evidence in the light most favorable to the guilty verdict, as we must, we conclude that it is sufficient for a reasonable fact finder to conclude that Defendant never released Victim at all, and that she was able to escape from his captivity on her third attempt.

*State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.") Therefore, we hold that the State presented sufficient evidence to support Defendant's first degree kidnapping conviction.

**{4}** With regard to the battery conviction, in the memorandum in opposition Defendant argues that the State failed to present sufficient evidence that Defendant "punched [Victim] in the ribs or that any injury to her ribs was caused by [Defendant]." [MIO 6-7] Defendant acknowledges that Victim testified that "[he] punched her in the ribs during the course of a mutual argument," [MIO 6], and as we stated in our notice of proposed summary disposition, "[t]he testimony of a single witness may legally suffice as evidence to support a jury's verdict." *State v. Riley*, 1970-NMCA-015, ¶ 6, 82 N.M. 298, 480 P.2d 693. We therefore remain unpersuaded.

**{5}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{6}** **IT IS SO ORDERED.**

_____

                    **MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**